### KINNEY v. MITCHELL.

(Circuit Court of Appeals, Third Circuit. April 19, 1905.)

#### No. 4.

1. PLEADING—AFFIDAVIT OF DEFENSE—WHEN NECESSARY.

    A statement of claim, in form assumpsit, but which seeks to recover damages for acts of defendant done in his judicial capacity, does not set up a cause of action requiring an affidavit of defense under the act of Assembly of the state of Pennsylvania of May 25, 1887 (P. L. 271).

2. SAME—ACTION EX DELICTO.

    The actions of assumpsit for which judgment may be taken for want of an affidavit of defense are limited to such as are founded on contract alone, and do not include cases in which the cause of action is ex delicto or of a mixed character of contract and tort.

3. TRIAL—MOTION TO DISMISS—JUDGMENT.

    While a motion to dismiss for want of jurisdiction is pending, judgment for want of an affidavit of defense cannot be entered.

4. SAME.

    If a suit does not involve a dispute or controversy properly within the jurisdiction of the Circuit Court, on a motion to dismiss being filed it is the plain duty of that court to proceed no further therein, but to dismiss the suit.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Plaintiff brought suit against defendant to recover certain sums, including consequential and exemplary damages, alleged to have been occasioned by defendant's action as chief justice of the Supreme Court of Pennsylvania

A motion to dismiss the suit on the ground (1) that the Circuit Court had no jurisdiction, and (2) the alleged cause of action was frivolous, was filed, and ordered on list for argument. Before the time set for this argument, plaintiff moved for judgment for want of an affidavit of defense, which motion was denied, and an order made that it should be argued with the motion to dismiss. Plaintiff appealed, assigning for error the refusal of his motion for judgment, and the nonentry of said judgment.

Robert D. Kinney, in pro. per.

Samuel Dickson and H. Gordon McCouch, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. If we assume that the order complained of was a definitive denial of the plaintiff's motion for judgment for want of an affidavit of defense, still this writ of error cannot be sustained, for the reasons following:

1. The cause of action set out in the plaintiff's statement of demand was not one requiring an affidavit of defense under the act of Assembly of the state of Pennsylvania of May 25, 1887 (P. L. 271), as that act has been construed by the Supreme Court of Pennsylvania in Corry v. Pennsylvania Railroad Co., 194 Pa. 516, 45 Atl. 341. In that case the court, speaking by Chief Justice Green, declared that under the act of May 25, 1887, the actions of assumpsit for which judgment may be taken for want of an affidavit of defense are limited to such as are founded on contract alone, and do not include cases in which the cause of action is ex delicto, or of a mixed character of contract and tort.

2. A motion to dismiss the suit for want of jurisdiction had been filed in the court below and was pending when the order appealed from was made, and when this writ of error was sued out. If the suit did not involve a dispute or controversy properly within the jurisdiction of the Circuit Court, it was the plain duty of that court to proceed no further therein, but to dismiss the suit. While the motion to dismiss for want of jurisdiction was pending the court could not properly grant the plaintiff's motion for judgment for want of an affidavit of defense.

The writ of error in this case is dismissed, with costs to the defendant in error.