### KINNEY v. BEAVER et al.

(Circuit Court, E. D. Pennsylvania. October 12, 1905.)

#### No. 63.

1. Pleading—Failure to Serve—Excuse.

The court may, in its discretion, relieve a party from the consequence of his failure to serve a copy of a pleading filed by him on the opposite party or his attorney as required by rule 20, § 7, where a reasonable excuse is shown, as that it was through inadvertence of his counsel, and where the pleading was subsequently served.

2. Same—Affidavit of Defense—Cases Requiring.

Judgment will not be granted for want of an affidavit of defense where, while plaintiff's suit is in form assumpsit, it appears from an examination of his statement that the real cause of action is in tort, in which form of action no affidavit of defense is required.

At Law. On motions to treat demurrers as a nullity and for judgment for want of an affidavit of defense.

Robert D. Kinney, for plaintiff.
Albert B. Weimer, for defendants.

J. B. McPHERSON, District Judge. This suit was brought on July 26, 1904, and the plaintiff's statement of claim was filed on the same day. Only two of the defendants were served with process, and for them an appearance was duly entered on July 28th. Demurrers to the statement were filed on July 30th, but no copies thereof were served upon the plaintiff, who was conducting his own case, and did not have an attorney of record. This was a violation of rule 20 of this court, which provides in section 7 that:

"In all suits a copy of the declaration and every subsequent pleading shall be served by the party, or his attorney, filing the same, on the opposite party, or his attorney of record."

The rule goes on to say that, in case of failure to serve copies, "such declaration or other pleading may be treated as a nullity." The plaintiff invokes the application of this rule, and his motion to have the demurrers treated as a nullity has been heard upon his petition and the answer of the defendants' attorney. The answer, which is not denied, and is therefore to be taken as true upon this motion, avers that the failure to serve copies on the plaintiff was due to the oversight and inadvertence of counsel, and it further appears that since the plaintiff's motion was made copies of the demurrer have been properly served upon him. Under such circumstances, I think it would be unduly harsh to visit upon the defendants the consequence of their counsel's oversight, and for that reason, in the exercise of the discretion re-

served to the court by the rule, the motion to treat the demurrers as a nullity must be refused.

The plaintiff also moves for judgment for want of an affidavit of defense. Aside from the fact that the demurrers, which have now been sustained, raise questions of jurisdiction that ought to be determined in limine, it is apparent from an inspection of the plaintiff's statement that, while the form of his suit is assumpsit, the real cause of action is in tort, and to a demand in tort no affidavit of defense is required. The point has been decided by the Court of Appeals of this circuit in Kinney v. Mitchell, 136 Fed. 773. The motion for judgment for want of an affidavit of defense is therefore refused.