TITLE GUARANTY & SURETY CO. v. UNITED STATES, to Use of
GENERAL ELECTRIC CO.

(Circuit Court of Appeals, Third Circuit.   April 12, 1911.)

No. 15.

1. UNITED STATES (§ 67*)—CONTRACTORS FOR PUBLIC WORKS—ACTIONS ON
BOND.

The limitation contained in Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U.
S. Comp. St. Supp. 1909, p. 948), amendatory of Act Aug. 13, 1894, c. 280,
28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), relating to actions on bonds
of government contractors by subcontractors, is not retroactive, and does
not affect an action on a bond given before its enactment, although sup-
plemental contracts were made afterwards, where they were with the
surety's consent, and expressly provided that they should not affect the
bond, which should remain in effect as though the modifications had
been included in and made a part of the original contract.

[Ed. Note.—For other cases, see United States, Dec. Dig. § 67.*]

2. UNITED STATES (§ 67*)—CONTRACTORS FOR PUBLIC WORK—ACTIONS ON
BOND.

A subcontractor for public work, entitled to sue the surety on the
statutory bond given by the contractor, did not lose his right of action
by proving his claim against the estate of the contractor in bankruptcy

[Ed. Note.—For other cases, see United States, Dec. Dig. § 67.*]

3. COURTS (§ 325*)—FEDERAL COURTS—DISTRICT OF SUIT—WAIVER OF OBJEC-
TION.

A defendant, sued in a federal court in Pennsylvania by a citizen of
another state, in a district other than that of its residence, in an action
of which the court has jurisdiction by reason of diversity of citizenship
and the amount in controversy, waives objection to the district of suit
by filing an affidavit of defense, invoking the jurisdiction of the court
to determine questions going to the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 884;  Dec. Dig.
§ 325.*

Waiver of right as to district in which suit may be brought, see notes
to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192;  McPhee & McGin-
nity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

In Error to the Circuit Court of the United States for the East-
ern District of Pennsylvania.

Action at law by the United States, to the use of the General
Electric Company, against the Title Guaranty & Surety Company.
Judgment for the use plaintiff, and defendant brings error.  Affirmed.

For opinion below, see 182 Fed. 240.

John W. Graham, Jr., Adrian T. Kiernan, and Alex. Simpson, Jr.,
for plaintiff in error.

Read, Gill & Runk, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG,
District Judge.

BUFFINGTON, Circuit Judge.   This suit was brought in the Cir-
cuit Court for the Eastern District of Pennsylvania, in the name of
the United States, to the use of the General Electric Company, a cor-
poration of the state of New York, against the Title Guaranty & Sure-

ty Company, a corporation of Pennsylvania. It sought to recover on a contractor's bond, on which the defendant was surety, conditioned for the construction of a government dry dock. In accordance with the requirements of Pennsylvania procedure, the defendant filed an affidavit of defense, which was adjudged by the court below insufficient to prevent judgment. It thereupon directed and entered judgment against the defendant for $41,831.08, whereupon the latter sued out this writ.

The opinion of the court below is reported at 182 Fed. 240. After full argument and due consideration, we are of opinion its judgment should be affirmed. The case, being between citizens of different states and for an amount in excess of the statutory sum, was one of federal jurisdiction. When sued thereon in the Eastern district of Pennsylvania the defendant by its affidavit of defense invoked the jurisdiction of that court to determine two questions, namely, whether under the federal statutes providing for suits upon bonds given to the United States, such as here in question, a right of action had accrued; and, secondly, whether the plaintiff had not precluded itself from bringing this suit by reason of its participation in the bankruptcy proceeding in the Southern district of New York against the principal on the bond.

[1] Both of these questions, as we have said, the court below rightly decided against the defendant. The bond sued upon was given on May 24, 1904, under the provisions of Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), and the claim of the use, plaintiff arises under a subcontract made before Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1909, p. 948), was passed. Unless, therefore, the latter act had a retroactive effect, it is clear that the six-months limitation therein provided did not affect this suit. In view of the case of U. S. Fidelity & Guaranty Co. v. United States, for the Use of Struthers Wells Co., 209 U. S. 314, 28 Sup. Ct. 537, 52 L. Ed. 804, the court below rightly held the act of 1905 was not retroactive. The fact that additional supplemental contracts were made by the contractor after the act of 1905 was passed cannot affect the right of action on the bond; for the original contracts provided for such modifications, and the supplemental contracts which the defendant approved stipulated that:

"* * * * Nothing done or required under its terms shall operate or be held to annul, release, reduce, or otherwise affect the bond attached to the aforesaid contract, but the same shall be and remain in full force and virtue in the same manner and with like effect *as though the modifications herein provided for had been included in and made a part of the aforesaid contract at the time of the execution of the same.*"

It follows, therefore, that all these modifications, which were assented to by the surety, are read into and become parts of the original contract.

[2] As to the action of the plaintiff in the bankruptcy of the principal in the Southern district of New York, it suffices to say we find no principle of law whereby the plaintiff was precluded from prosecuting the present action. The proceeding there was simply an in-

tervention by the use plaintiff at the call of that court, and was really in relief of the defendant as surety of the bankrupt. The defendant was not a party to it. The rights of the plaintiff and defendant which were here being litigated were not there involved, and could not be determined in that proceeding. It follows, therefore, it was no bar to the present action.

[3] The defendant having thus invoked the jurisdiction of the Circuit Court to adjudge questions which went to the merits, and those questions having been determined against it, it now seeks, by virtue of having raised the question in its affidavit of defense, to avail itself of its personal privilege of being sued in the Circuit Court of the Middle District of Pennsylvania. But without basing our conclusion on the holdings of some of the Pennsylvania courts[1] that the filing of an affidavit of defense is equivalent to a general appearance, and therefore a waiver of a defendant's personal privilege to be sued in the district of his or its residence, we are clear that under numerous federal decisions the failure of the defendant, when sued, to stand on that privilege in limine, and its inviting the jurisdiction of the court below to pass on the merits of the case, was a waiver of such privilege. The defendant was not compelled to join its claim of privilege with its defense on the merits. As pointed out in Western Co. v. Butte Co., 210 U. S. 370, 28 Sup. Ct. 720, 52 L. Ed. 1101), by petition it could have raised the question of jurisdiction alone. While such motion was pending, no judgment could be entered for want of an affidavit of defense. Kinney v. Mitchell, 136 Fed. 773, 69 C. C. A. 493. But, instead of presenting such petition, the defendant invoked the assumption of jurisdiction by the Circuit Court to decide questions which went to the right of the plaintiff to maintain a suit anywhere. This course brought the case within the principle of Western Co. v. Butte Co., supra, on which the court below relied. It is said, however, that case does not apply, because there a plea was involved and here an affidavit of defense, which in Pennsylvania practice is not a pleading. But the real significance of the defendant's course in this case lies, not in the particular mode in which it invoked jurisdiction, but in the fact that it did invoke it, and thereby waived the personal privilege of being sued in the Middle district. Indeed, in Re Moore, 209 U. S. 508, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, agreeing to a continuance is cited as evidence of waiving a privilege by a plaintiff who subsequently sought to remand.

The judgment below is therefore affirmed.

[1] Weaver v. Stone, 2 Grant, Cas. 423; McCleary v. Gas Co., 34 Pa. Co. Ct. R. 569: Deskins v. Association, 15 Pa. Co. Ct. R. 79.