NAYLOR & CO. v. LEHIGH VALLEY R. CO. et al.

(Circuit Court, S. E. D. Pennsylvania. May 11, 1911.)

No. 1,312.

1. ACTION (§ 27*)—NATURE AND FORM—CONTRACT OR TORT.

Under Act Cong. Feb. 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154), as amended by Act June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St. Supp. 1909, p. 1149), giving a remedy where a carrier does not comply with an order of the Interstate Commerce Commission for the payment of money, and providing that the suit shall proceed in all respects like other civil suits for damages, a statutory proceeding to enforce an order of reparation is one sounding in tort for damages.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 27.*]

2. COMMERCE (§ 94*)—AFFIDAVIT OF DEFENSE—NECESSITY.

The Pennsylvania procedure act of May 25, 1887 (P. L. 272), requiring affidavits of defense, being applicable only to actions founded on contract alone, does not apply to a statutory proceeding to enforce an order of reparation by the Interstate Commerce Commission.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 94.*]

At Law. Action by Naylor & Co. against the Lehigh Valley Railroad Company and others. Rule to vacate rule for affidavit of defense made absolute.

Thompson & Van Sant and Vivian Frank Gable, for plaintiffs.

Henry S. Drinker, Samuel Dickson, James F. Campbell, James Wilson Bayard, and John G. Johnson, for defendants.

BUFFINGTON, Circuit Judge. In this case we have reached the conclusion the defendants should not be required to file affidavits of defense. The plaintiffs are here seeking to enforce a statutory right by a statutory proceeding. Having secured, in a case against these defendants before the Interstate Commerce Commission, an order for reparation (see Naylor & Co. v. Lehigh Valley R. R. Co. et al., 18 Interst. Com. R. 624, No. 1,511, Opinion and Order No. 168), the plaintiffs served that order on the defendants. On noncompliance by the latter, the plaintiffs brought this action of assumpsit, which in their statement of claim they aver is "to enforce the aforesaid order of the Interstate Commerce Commission, dated June 7, 1910, as provided

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the 'Act to regulate commerce, approved February 4, 1887, and all acts supplemental thereto and amendatory thereof.'"

[1] Waiving for present purposes the question whether, in view of the federal statutory provision, "if a carrier does not comply with an order for the payment of money within the time limit of such order, the complainant, or any person for whose benefit such order was made, may file in the Circuit Court of the United States * * * a petition setting forth briefly the causes for which he claims damages, and the order of the Commission in the premises," the plaintiffs should not have pursued the statutory remedy by petition, a practice followed in Penn Refining Co. v. Western Co., 208 U. S. 208, 28 Sup. Ct. 268, 52 L. Ed. 456, we are clear that in view of the further provision in such federal statute that "such suit shall proceed in all respects like other civil suits for damages," and of the several decisions and rulings in Parsons v. Chicago, 167 U. S. 447, 17 Sup. Ct. 887, 42 L. Ed. 231, Ratican v. Terminal (C. C.) 114 Fed. 666, and Southern Pine Co. v. Southern Ry. Co., 14 Interst Com. R. 195, that a statutory proceeding to enforce an order of reparation is one sounding in tort for damages.

[2] Such being the fact, the Pennsylvania procedure act of May 25, 1887 (P. L. 272) requiring affidavits of defense, does not apply. In Corry v. Penna. R. R., 194 Pa. 516, 45 Atl. 341, the Supreme Court of that state held:

"Under the act of May 25, 1887, the actions of assumpsit for which judgment may be taken for want of an affidavit of defense are limited to such as are founded on contract alone, and do not include cases in which the cause of action is ex delicto or of a mixed character of contract and tort. It was the intention of the Legislature to limit the remedy by judgment for want of an affidavit of defense to causes of action which were either actually in writing, or contracts the whole details of which could be plainly set down in writing, with particular terms and limitations, so that a liability for the payment of a definite sum of money could be expressed."

And in Kinney v. Mitchell, 136 Fed. 773, 69 C. C. A. 493, this court held to the same effect. The present suit, therefore, not being one ex contractu, no affidavits of defense are required.

The rule to vacate a rule for an affidavit of defense is made absolute.