UNITED STATES, to Use of HARLAN & HOLLINGSWORTH, v. SCO-
FIELD CO. et al.

(Circuit Court, M. D. Pennsylvania. November 11, 1911.)

No. 309.

UNITED STATES (§ 67*)—CONTRACTORS FOR PUBLIC WORKS—ACTION ON BOND.
Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1909, p.
948), amendatory of Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp.
St. 1901, p. 2523), authorizing persons furnishing labor or material for
the construction of public works to sue in the name of the United States
on the bond of the contractor, is not retroactive, and, where a contract
was made and the bond given prior to the passage of such amendment,
the rights of a subcontractor, although he furnished labor and materials
afterward, are governed by the original act, and he may maintain a
suit against the surety on the bond thereunder in the district of the
surety's residence.

[Ed. Note.—For other cases, see United States, Dec. Dig. § 67.*]

At Law. Action by the United States, to the use of Harlan & Hol-
lingsworth, a corporation, against the Scofield Company and the Title
Guaranty & Surety Company. On demurrer by plaintiff to plea of
the Title Guaranty & Surety Company. Demurrer sustained.

G. W. Pepper and Thomas Stokes, for plaintiff.
John M. McCourt, for defendant.

WITMER, District Judge. The question presented here by this
demurrer to the plea of the defendant the Title Guaranty & Surety
Company was decided adversely to the defendant by Judge McPher-
son, in United States, to Use of General Electric Company, v. Scho-
field Company et al. (C. C.) 182 Fed. 240, which, on appeal, was af-
firmed by the Circuit Court of Appeals, reported in 187 Fed. 98.

In view of what was there said, and since the bond sued upon was
given May 24, 1904, under the provisions of the act of August 13,
1894, and the claim of the use of the plaintiff arises under a contract
made before the act of February 24, 1905, which is not retroactive,
although the plaintiff did the work and furnished the materials for
which suit is brought, since the enactment of the latter, the former act
controls, and suit may be brought in the district in which the princi-
pal office of the surety company is located.

The demurrer to the defendant's plea to the jurisdiction is there-
fore sustained, and the plea is denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes