### DAVIS v. SUGG. (8 Div. 885.)

(Supreme Court of Alabama. Oct. 14, 1926.)

1. **Limitation of actions** ⬅️6(1)—Three-year bar to causes of action for loss of mortgage lien on personalty held not available, where statute was repealed before bar thereunder was perfected (Acts' 1915, p. 142, repealed by Acts 1923, p. 728).

Where plaintiff's cause of action for loss of mortgage lien on personal property arose in 1924, statutory bar of three years under Acts 1915, p. 142, was not available; bar thereunder not having been perfected before repeal by Acts 1923, p. 728.

2. **Limitation of actions** ⬅️5(1).

Acts 1915, p. 142, did not annul, but simply suspended, remedy to enforce rights of mortgagee under mortgage, against certain persons, until repealed.

Appeal from Circuit Court, Madison County; J. E. Horton, Judge.

Action by Charles A. Davis against L. C. Sugg. Plaintiff took a nonsuit and appeals from adverse rulings on pleading. Transferred from Court of Appeals under Code 1923, § 7326. Reversed, rendered, and remanded.

E. D. Johnston, of Huntsville, for appellant.

Statutes of limitation affect and extinguish no legal right; they affect only the remedy. Jones v. Jones, 18 Ala. 248; Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483; Larue v. Kershaw, 177 Ala. 445, 59 So. 155; 25 Cyc. 988, 998. Repeal of a statute of limitation places the matter in statu quo, unless the bar has been completed before passage of the repealing act. Authorities supra; Martin v. Martin, 35 Ala. 560;

Patterson v. Gaines, 6 How. 602, 12 L. Ed. 553; 25 Cyc. 994; Grunewald Co. v. Copeland, 131 Ala. 345, 30 So. 878.

Lanier & Pride, of Huntsville, for appellee.

One who has become relieved from a demand by operation of a statute of limitation is protected against its revival by a change in the limitation. 17 C. J. 674; Martin v. Martin, 35 Ala. 560; Code 1923, § 9532; Larue v. Kershaw, 177 Ala. 441, 59 So. 155.

MILLER, J. This is an action by Charles A. Davis against L. C. Sugg for the recovery of personal property, or its value, alleged to have been taken, removed, or sold by the defendant, upon which he had a lien by virtue of a mortgage given him by Robert Darwin on April 23, 1919.

The property involved was three bales of cotton, 2,400 pounds of cotton seed, 165 bushels of corn, and one ton of hay.

There are three counts in the complaint as amended. In brief, count 1 claims damages for destruction of plaintiff's mortgage lien on the property; count 2 was for money had and received; and count 3 was for damages for the conversion of this property.

The court overruled demurrers to pleas 1, 2, 4, and 7 to each count of the complaint. Plea 1 is the general issue. The plaintiff took a nonsuit on account of the adverse rulings to him by the court on demurrers to pleas 2, 4, and 7; and these rulings are the errors assigned by appellant.

The appellant in brief states, and in our opinion correctly: "Only one question is presented for review on this appeal. * * *"

"Each of these three pleas in question (2, 4, and 7) directly or indirectly cites an act of the Legislature of Alabama, set out in the Acts of Alabama of 1915, on page 142, as being in bar of plaintiff's action."

"The appellant's contention is that, under the pleadings, the said act was not in bar of his (appellant's) action."

The act in question appearing in Acts of 1915, p. 142, reads as follows:

"Sec. 1. That all suits of every kind whether at law or in equity brought for the recovery of personal property or its value or for the recovery of damages for the conversion thereof where such suit is founded on a mortgage or conditional sale of such personal property and is against another than the maker of said mortgage or purchaser in the contract of conditional sale, his personal representatives or those holding under him by descent or will shall be barred unless brought within three years from the maturity of such mortgage or such contract of conditional sale.

"Sec. 2. That this act shall take effect on the 1st day of January, 1916.

"Approved: March 5, 1915."

The foregoing act was repealed by the Legislature of Alabama by an act approved on

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

September 28, 1923. Acts of Alabama of 1923, p. 728.

This suit was commenced on the 16th day of January, 1925. It appears in the counts or in the pleas that this mortgage was executed by Robert Darwin to the plaintiff on the 23d of April, 1919, and the debt secured by it became due on November 1, 1919, and defendant secured possession of this property by purchase from the mortgagor on the 25th of September, 1924. These pleas set up the statute of limitations of three years under the foregoing act, as a bar to this action.

[1] It affirmatively appears from the pleading that this suit is for the recovery of personal property or its value, or for damages for the conversion thereof. It is founded on a mortgage. It is against L. C. Sugg, who is not the mortgagor, nor his personal representative, and he is not holding this property under him by descent or will; and this suit was not commenced until the 16th of January, 1925, which was more than three years from the 1st of November, 1919, the maturity of this mortgage. This defense was permitted by this act in Gen. Acts of 1915, p. 142, to such an action as is presented by this complaint, but this act was repealed on September 28, 1923 (Gen. Acts of 1923, p. 728) before this alleged cause of action arose.

It appears from the pleading that the defendant secured and disposed of this property, or received the money from it, or converted it to his use, on the 25th day of September, 1924. This was after this defense to such an action had been repealed.

When this cause of action arose, and when these pleas setting up that defense to it were filed, the act permitting such defense was inoperative by being repealed prior thereto. Acts of 1915, p. 142, and Acts of 1923, p. 728.

[2] It is true "that the repeal of a statute of limitations does not impair a bar perfected before the repeal." Martin v. Martin, 35 Ala. 568. But this statute of limitations was repealed before this cause of action arose. This statute of limitations did not annul the rights of the mortgagee under the mortgage, but simply took away his remedy to enforce them against certain persons under certain conditions therein named; and a repeal of this statute before this cause of action against this defendant arose restored the plaintiff and this defendant to the former status that existed before the passage of this act of limitations. Martin v. Martin, 35 Ala. 560; Jones v. Jones, 18 Ala. 248; Larue v. Kershaw Contracting Co., 177 Ala. 441, 445, 59 So. 155.

It results that the statute of limitations of three years mentioned in that act, which was repealed, can have no application to the case at bar; and the demurrers of the plaintiff to pleas Nos. 2, 4, and 7 should have been sustained.

A judgment to that effect will be entered here, and the cause remanded.

Reversed, rendered, and remanded.

SAYRE, GARDNER, and BOULDIN, JJ., concur.