(115 So. 152)

## SUGG v. DAVIS. (8 Div. 595.)

Court of Appeals of Alabama. Nov. 8, 1927.

Rehearing Denied Dec. 20, 1927.

See, also, 215 Ala. 93, 109 So. 745.

Lanier & Pride, of Huntsville, for appellant.

R. C. Brickell and E. D. Johnston, both of Huntsville, for appellee.

SAMFORD, J. This is the second appeal in this case. Davis v. Sugg, 215 Ala. 93, 109 So. 745. In the former appeal it appeared in the pleadings that the mortgage by Darwin to plaintiff was executed April 23, 1919, that the debt secured by it was due November 1, 1919, and defendant secured possession of the mortgaged property September 25, 1924. The plea was the statute of limitation of three years, under Acts 1915, p. 142. This Act of 1915 fixing limitations for such action as is here involved was repealed September 28, 1923 (Acts 1923, p. 728). The statute under the above facts as pleaded did not constitute a bar to the action, and the judgment was correctly reversed and the cause remanded. Davis v. Sugg, supra.

The record in the instant appeal presents a very different state of facts. Darwin was in possession of certain lands mortgaged by him to Sugg. April 23, 1919, Darwin mortgaged the crops to be grown on such land to Davis. The mortgage covered the crops for 1919 and subsequent years until the mortgage debt was paid. This mortgage to Davis under the statute then in force (now changed by section 9008 of the Code of 1923) placed the title to the crops for 1919 in Davis, the mortgagee, and a lien on the crops for subsequent years until the mortgage debt was paid. Code 1907, § 4894, and authorities

cited. The Davis mortgage became due and payable November 1, 1919, and as to this mortgage all suits of every kind for the recovery of personal property, or its value, or for the recovery of damages, was as against another than the maker of said mortgage (Darwin) or those holding under him by descent forever barred on and after November 1, 1922. Acts 1915, p. 142. The Act of 1915, p. 142, was not repealed until September 28, 1923 (Acts 1923, p. 728). Pending this appeal and while the Act of 1915 was in full force and effect, and at a time when said act was a complete bar to any action by the mortgagee (Davis) under his mortgage of April 22, 1919, as against a third person, this defendant Sugg on, to wit, January 22, 1923, acquired title to the crops of Davis for the year 1923, and an equitable title to crops grown by Davis during successive years until the debt to Sugg was paid.

At the common law growing crops were a part of the realty and passed with the title, but by a fiction of the law now created by statute and judicial decision crops growing or to be grown on land may be severed where the mortgagor has a potential interest in the land at the time the mortgage is given. When this is done, the crops become chattels and subject to the rules governing that branch of the law. 3 Mitch. Dig. 52, par. 9. Under Code 1907, § 4894, and under the law as then declared, a mortgage of crops given after January 1st conveyed the legal title to the crops for that year and an equitable title to crops covered by the mortgage and to be grown in subsequent years. So under the facts as pleaded as between Davis and Darwin, Davis held the equitable title to the crops of Darwin for the years 1923 and 1924. But with a complete bar to any action for conversion, damages, etc., as against intervening purchasers. Under these conditions and while Davis was barred of action by the Act of 1915, supra, Sugg for a valuable consideration became the purchaser of the legal title to the crops of 1924. Having acquired this vested right at a time when Davis was completely barred of action against him, the repeal of the 1915 statute of limitation, supra, by the statute approved September 28, 1923 (Acts 1923, p. 728) could not react so as to give Davis a right of action against Sugg (Davis v. Sugg, 215 Ala. 93, 109 So. 745; 17 Corpus Juris, 674; Scales v. Otts, 127 Ala. 582, 29 So. 63). Sugg having acquired a vested right in the crops raised by Darwin during the year 1924 at a time when a complete bar of the statute was in force, the Legislature would have no right to revive the remedy as against Sugg. Const. 1901, § 95; Scales v. Otts, supra.

The pleadings in the case properly present the foregoing question, and the rulings of the court thereon were not in accord with the foregoing opinion.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.