## Renovo Borough v. Snyder, Guardian.

*W. E. Shaffer*, for plaintiff; *Henry Hipple*, for defendant.

BAIRD, P. J., Nov. 20, 1929.—This suit is brought by the plaintiff, the Borough of Renovo, to recover from the defendant, J. Howard Snyder, guardian of William D. Roat, an incompetent, who is or has been a pauper chargeable to said borough, the moneys expended by it for his support and maintenance.

The periods covered by the claim in suit, as shown by plaintiff's statement, are from Dec. 9, 1895, to Sept. 27, 1905, and from June 27, 1908, to May 1, 1928. The amount alleged to have been expended by the plaintiff for this purpose is $3110.10, divided as follows: For the first period, $685.20, and for the second period, $2424.90.

The only defense interposed is that so much of the claim as matured six years prior to Aug. 15, 1928, the time when the suit was brought, is barred by the Statute of Limitations.

The suit is apparently brought under the provisions of the Act of June 25, 1913, §§ 1 and 2, P. L. 564, or the re-enactment thereof, sections 1000 and 1001 of the Act of May 14, 1925, P. L. 762.

Sections 1 and 2 of the Act of June 25, 1913, *supra*, read as follows:

"Section 1. The real estate of any pauper shall be liable for the expense of his support, maintenance and burial incurred by any poor district, whether owned at the time such expenses were incurred or acquired thereafter.

"Section 2. The overseers or directors of the poor or the county commissioners in charge of any poor district may sue for the moneys expended by them on account of such pauper, in an action of *assumpsit*, in the proper court of the county; and any judgment obtained shall be a lien upon the real estate of such pauper, and be collected as other judgments are now collected."

It is alleged that the said pauper is the owner of an undivided interest in certain real estate which he acquired by descent from his parents.

After suit brought, the plaintiff and defendant filed to the above number and term a case stated, wherein they agreed as follows:

"1. On Dec. 9, 1895, William D. Roat was committed to the State Hospital for Insane at Danville, Pa., where he remained until June 1, 1896. He was recommitted to the same institution Jan. 13, 1900, and the costs of commitment and maintenance charged to the Borough of Renovo as an indigent.

"2. That on Dec. 6, 1912, the Court of Common Pleas of Clinton County directed a commission to Ralph Kisner, Esq., of Danville, Pa., to inquire whether the said William D. Roat has or has not, by reason of his lunacy, become incapable of managing his estate.

"3. That by return of the inquisition, which was approved by the Court of Common Pleas of Clinton County, Jan. 23, 1913, the said William D. Roat was declared a lunatic, and the court committed the custody and care of the person and estate of the said lunatic to Minnie D. Roat.

"4. That the said Minnie D. Roat died Jan. 11, 1924, and upon petition the court appointed W. E. Shaffer guardian; the said W. E. Shaffer failed to qualify by filing a bond; the court, on petition of the Overseers of the Borough of Renovo, on April —, 1928, appointed J. Howard Snyder guardian, who filed his bond, which was approved by the court.

"5. That on Aug. 15, 1928, the Borough of Renovo entered an action of *assumpsit* against J. Howard Snyder, guardian of William D. Roat, to recover for maintenance and costs of commitment of the said William D. Roat in the State Hospital at Danville, from Dec. 9, 1895, to May 1, 1928, in the amount of $3110.04, with interest.

"6. That the defendant filed an affidavit of defense and pleaded the Statute of Limitations to so much of the claim of the plaintiff as matures six years prior to Aug. 15, 1928.

"7. If the court be of the opinion that the Borough of Renovo is entitled to be reimbursed for the costs and maintenance of the said William D. Roat, a lunatic, at the State Hospital at Danville, as set forth in plaintiff's statement of claim, regardless of the Statute of Limitations, then judgment to be entered for the plaintiff in the sum of $3110.04, with interest, but if not, then judgment to be in favor of the plaintiff for costs of maintenance from Aug. 15, 1922, in the sum of $926.58.

"The costs to follow the judgment, and either party reserving the right to sue out a writ of errror therein to the Supreme Court."

Prior to the Act of 1913, *supra*, the Supreme Court had held in Directors *v.* Nyce, 161 Pa. 82, that under the Act of June 13, 1836, an estate acquired by a pauper after he had become a charge on the public was liable for his previous maintenance. The application of the Statute of Limitations was not passed upon by the Supreme Court in that case, the appeal having been taken by the defendant; but in the court below (13 Pa. C. C. Reps. 594) the recovery was limited to the moneys expended within six years immediately prior to the bringing of the suit. However, in 1921, the Superior Court in Re Margaret McCanna, a Lunatic, 77 Pa. Superior Ct. 1, specifically held that the Statute of Limitations may be pleaded against the poor district, as its right to recover is based upon an implied contract. The law stood as so decided by the Superior Court until 1925, when the Legislature enacted otherwise: "In all suits, claims or demands of any poor district for maintenance and support against the real or personal estate or property rights of any pauper, the Statute of Limitations shall not avail as a defense:" Section 1016 of the Act of May 14, 1925, P. L. 762.

A statute providing that specified causes of action shall not be affected by the Statute of Limitations keeps alive such causes of action as are not barred when the statute is passed (37 Corpus Juris, 696), or, as conversely stated in

Davis v. Sugg, 215 Ala. 93, 109 So. Repr. 745, the repeal of a statute of limitations does not impair the bar perfected before the repeal. Relying upon these authorities, we conclude that so much of the plaintiff's claim as matured within six years prior to May 14, 1925 (date of statute abolishing the limitations in such cases as this), and thereafter, is not barred by the Statute of Limitations. This amount, as we have computed it from the itemized statement attached to the plaintiff's statement of claim, is $1343.67. The entry of judgment for this amount, while not, perhaps, within the strict letter of the case stated, is, we think, within its spirit and intention.

Now, Nov. 20, 1929, the prothonotary is directed to enter judgment in favor of the plaintiff and against the defendant for the sum of $1343.67, with interest from May 1, 1928, amount to be liquidated by him.

From W. E. Shaffer, Lock Haven, Pa.