**CLEVELAND, C., C. & ST. L. RY. CO. et al. v. BLAIR et al.**

No. 4617.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1932.

Rehearing Denied Aug. 1, 1932.

Harold .F. Lindley, of Danville, Ill., and Daniel P. Connell and Leo P. Day, both of Chicago, Ill., for appellants.

C. B. Cardy and D. Y. Erickson, both of Chicago, Ill., and Walter J. Grant, of Danville, Ill., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Various retail coal merchants in Paris, Illinois, and other nearby towns filed a complaint with the Interstate Commerce Commission attacking, as unreasonable, the transportation rates on bituminous coal from Terre Haute and West Terre Haute, Indiana, to Paris and adjoining spots in Illinois. They also asked that the Commission make an award in the nature of reparation to them in respect of charges assessed during the period of two years prior to the filing of their complaint. Upon appellants' filing a general denial, hearings were had which resulted in findings that the assailed rates were unreasonable; that the dealers had made shipments thereunder; that they were damaged in the amount of the difference between the charges paid and those which would have accrued at the rate found reasonable; and that they were entitled to reparation with interest. A further hearing was had, and the amount of reparation was fixed at definite sums. This suit was then brought in the District Court to enforce payment in the amount of reparation thus awarded by the Commission.

Appellants, while admitting the filing of a complaint and the pronouncement of the Commission's ruling thereon, raised several questions, which may be grouped under two headings: (a) The statute of limitations, and (b) the total absence of evidence to support the Commission's report.

Upon the trial in the District Court, the evidence offered before the Commission as to the award, as well as other testimony, was received. Appellees offered evidence to support the Commission's report, and the court found with them.

In a memorandum filed with the clerk, the District Court said:

"Under section 16 of the statute [49 USCA § 16] the findings and order of the Commission are prima facie evidence of the facts therein stated. The effect of this statute is as stated by Meeker v. Lehigh Valley Railroad Co., 236 U. S. 414, 35 S. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691, to es-

tablish a rebuttable presumption, cutting off no defense, and taking no question of fact from either court or jury. It merely creates a rule of evidence and does not abridge the rights of either party. To the same effect are Mills v. L. V. R. R. Co., 238 U. S. 473, 35 S. Ct. 888, 59 L. Ed. 1414; Pittsburgh & W. V. Ry. Co. v. United States (D. C.) 6 F.(2d) 646; and Missouri, K. & T. R. Co. v. Interstate Commerce Commission (C. C.) 164 F. 645.

"The hearing in this court is de novo, and the court is entitled to receive and consider evidence in addition to that before the Commission, but the prima facie case made out by the findings and order of the Commission will prevail unless overcome by evidence submitted by defendants.

"Considering the evidence and bearing in mind the objections to and the criticisms of the evidence submitted to the Commission, I am of the opinion there was substantially competent evidence before the Commission to support its findings and order; that the Commission did not act arbitrarily or unlawfully; that the prima facie case of the Commission's findings and order is not overcome by the defendants; and that there should be a judgment as prayed. I shall, therefore, not discuss in detail the evidence submitted. It may be that certain of that testimony is incompetent, and that certain comparisons claimed to have been relied upon by the Commission were improperly considered, but there is sufficient evidence competent in character to sustain the findings and order. * * *

"Defendants allege also that the complaint was not filed with the Commission until the 16th day of December, 1925, beyond the time provided by the statute for filing of such complaints, and therefore came too late. However, the evidence shows that the complaint was originally received by the Commission on November 25, 1924, and remained with that Commission thereafter. Whether the petition was then marked filed or not is immaterial; it had been deposited with the Commission, and the failure of any administrative officer to mark the same as filed does not prevent the depositing of the same with the Commission from tolling the limitations of the statute." State National Bank v. Lowenstein, 52 Okl. 259, 155 P. 1127. Dickerson v. L. & N. Co. (C. C.) 187 F. 874.

The record sustains the opinion of the District Court on both issues. There was evidence that the complaint was filed with the Commission, as that body reports, on November 25, 1924. Likewise, there was evidence from which the Commission and the District Court could well have made the findings above set forth.

Moreover, this is an action at law. Lehigh Valley R. Co. v. Clark (C. C. A.) 207 F. 717; Naylor & Co. v. Lehigh Valley R. Co. (C. C.) 188 F. 860. The parties waived a jury trial. The waiver was not in writing, nor was the waiver by oral stipulation made in open court and entered in the record, as called for by section 773, title 28, USCA, as amended May 29, 1930. The questions presented by appellants cannot therefore be reviewed by this court.

The judgment is affirmed.