**TEXAS & P. RY. CO. v. FRESNILLO CO.**

**TEXAS & P. RY. CO. et al. v. KRAKAUER-ZORK CO.**

**Nos. 7664, 7665.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1935.

Robert Wilkins Thompson, of Dallas, Tex., and S. N. Russell, of El Paso, Tex., for appellants.

C. W. Croom, of El Paso, Tex., for appellee.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

These are separate appeals from judgments in reparation suits each tried separately to the court upon jury waiver. Each of the suits involved shipments to El Paso, Tex., destined for export to Mexico.

In the Krakauer suit the charges were on seven carloads of agricultural implements, destined for Chihuahua, shipped from South Bend, Ind., and Cleveland, Ohio, respectively, during the period from August 14, 1928, to September 10, 1930. In the Fresnillo suit the charges were on one car of coal tar oil, destined to Fresnillo from St. Louis, Mo. In each of the suits findings of fact and of law were filed, fully sustaining the reparation order.

In the Fresnillo case the appellee paid 99.5 cents per 100 pounds, the St. Louis to Deming, N. M., rate, which by appropriate tariff applied on shipments from St. Louis to El Paso, Tex., destined to Fresnillo, Mexico. The appellee sought reparation based on a rate of 71.5 cents per 100 pounds.

In the Krakauer case appellee paid on the South Bend shipment a rate of $1.53 per 100 pounds, plus a switching charge of $1.80 per car at El Paso, and on that from Cleveland $1.60 plus the same switching charge. During that time, though domestic rates of $1.40 per 100 pounds and $1.46 per hundred from South Bend and Cleveland respectively to El Paso were in effect, the tariff did not require defendant to apply them on export traffic. On October 22, 1930, defendant reduced the export rates to the level of the prescribed domestic rates. Appellee sought reparation on the basis of those rates.

It was proved, and the commission and the court found, that "the transportation services, including switching and handling at El Paso rendered in connection with ex-

port and domestic shipments from and to the considered points, are identical, except for the added service from the El Paso transfer station to the international bridge for which there is a switching charge of $1.80 per car."

In the Fresnillo case, appellee proved that at the time its shipment moved there was in effect a rate on creosote oil of 71½ cents. It claimed that the same rate should have been applied on its shipment of coal tar oil. As to the 71½-cent rate appellee insisted on, defendant admitting that the normal basis of rates from points in the United States to El Paso and other Rio Grande crossings on traffic for export to Mexico is the domestic rate to the crossing, claimed that the particular rate of 71½ cents on creosote oil had been put in by the carriers not as a reasonable rate, but in order to enable all rail traffic to these crossings to compete with rail-water-rail carriers, and that similar competition did not exist with respect to coal tar oil.

The commission accepted defendants' position on this, and declining to apply the 71½-cent rate, found that a rate of 84 cents was reasonable and should have been applied. It awarded reparation on that basis.

Appellant assigned many errors below. Here it claims but two. The first, and most fundamental, is that the commission used domestic rates as a basis for awarding reparations on export shipments, whereas these services are not comparable in burden and in value. The second is that the domestic rates it used are in themselves, and in the bases on which they were arrived at, unreasonable.

As to the Krakauer case, we think the evidence is overwhelming that the judgment was right. Not only did the appellant in no wise rebut the prima facie effect of the commission's order, but an examination of the evidence on which that order was based makes it clear, we think, that no other order could have been entered. As to the Fresnillo case, too, we think it quite clear that appellant may not complain, for in the face of the fact that it was voluntarily maintaining a very much lower export rate on similar products, the commission gave effect to its claim that that rate was not reasonable, but had been competitively forced, and denied appellee's claim for reparation on the 71½-cent basis. In thereafter basing its award on the considerably higher rates it found reasonable,

it found support for its action not only in the testimony appellee offered, but in the testimony and conduct of appellant.

Suits like these are actions at law. Cleveland, C., C. & St. Louis Ry. Co. v. Blair (C.C.A.) 59 F.(2d) 478. Shippers and carriers appealing from judgments on reparation awards in such suits must show that they are unfounded in fact. The carriers have failed to do this here. The judgments are affirmed.