## NATIONAL SURETY CORPORATION v. WUNDERLICH.

### No. 11414.

Circuit Court of Appeals, Eighth Circuit.

May 2, 1940.

Pierce Butler, Jr., of St. Paul, Minn. (J. C. Foote and Doherty, Rumble, Butler, Sullivan & Mitchell, all of St. Paul, Minn., on the brief), for appellant.

Joseph W. Finley, of St. Paul, Minn. (Joseph A. Maun and Bundlie, Kelley & Finley, all of St. Paul, Minn., on the brief), for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

THOMAS, Circuit Judge.

This is an action brought by appellee against appellant, the surety on a bond executed by the Hardaway Contracting Company as principal and running to the State of Alabama as obligee. The appellee, a subcontractor on an Alabama road construction project, seeks recovery from the surety for an unpaid balance alleged to be due for labor and materials furnished to the Hardaway Company, general contractor for the project. Judgment was entered in favor of the appellee for the amount of his claim, $4,848.41, with interest and costs. This appeal followed.

The appellant contends (1) that the district court of Minnesota did not have jurisdiction of the subject matter of the action; (2) that appellant's contractual liability to subcontractors had expired long prior to the commencement of this action; (3) that there was an accord and satisfaction of the claim sued on between appellee and the principal on the bond; (4) that the proof does not support the claim on the merits; and (5) that the court erred in the admission of evidence. Since we conclude that the liability of the appellant, as surety, to subcontractors had expired before the suit was begun, it will be unnecessary to extend this opinion with a discussion of all the issues. The controversy in respect of appellant's obligation centers upon the proper construction of the bond and two statutes of the State of Alabama.

The bond in suit was executed by the principal and surety in December, 1933, pursuant to Laws of Alabama, 1927, Sec-

tion 28 of Act 347, hereinafter referred to as to the 1927 Act. By virtue of the 1927 Act the Hardaway Company was required to give the bond to secure the performance of its contract with the State of Alabama for the construction of a road. In accordance with the Act the bond was conditioned not only for the protection of the state but also for the use and benefit of all persons supplying the principal with labor, materials, feedstuffs or supplies. Such persons were given a right of action in their own name on certain conditions prescribed in the Act. The pertinent provisions of the 1927 Act[1] and the relevant conditions of the bond[2] are copied in the margin.

---

[1] Section 28. "Bonds Of Contractors.

"(a) Any person, firm or corporation entering into a contract with this State, or any county or municipal corporation in this State for the repair, construction or prosecution of any public building or public work, highways and bridges, shall be required, before commencing such work, to execute a bond payable to the State, county or municipal corporation, with good and sufficient surety, approved in writing by the authority having charge of the making of such contract, conditioned that such contractor or contractors, shall faithfully perform such contract of the work agreed and contracted to be done, and shall promptly make payment to all persons supplying him or them with labor, material, feedstuffs, or supplies, in the execution of the work provided for in such contract. Provided, however that this section shall not apply to contracts of less than $1,000.00 in amount, as to the State, and less than fifty dollars as to counties and cities.

"(b) Any person, firm or corporation supplying the contractor with labor, materials, feed-stuffs or supplies, after the complete performance of the contract and within sixty days therefrom, shall, upon application therefor and furnishing affidavit to the authority under the direction of whom such work has been prosecuted, that labor, material, feed-stuffs or supplies for such work has been supplied by him or them, and that payment for the same has not been made, be furnished a certified copy of said bond, and shall have a right of action thereon, and shall be authorized to bring suit on said bond in his or their name or names, and to prosecute the same to final judgment and execution. * * *

"(e) That where suit is instituted by any of such creditors on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and final settlement thereof; and where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto. If the recovery on the bond should be inadequate to pay the amounts found to be due to all of said creditors, judgment shall be given to each creditor prorata of the amount of the recovery. In all suits instituted under the provisions of this section, personal notice of the pendency thereof, informing them of their right to intervene as the court may order, shall be given to all known creditors, and in addition thereto, notice by publication for four successive weeks shall be given in some newspaper of general circulation published in the county where the work or a part thereof is being or has been performed. 'Provided, that all actions against the surety, as provided under this section, must be commenced within sixty days after the complete performance of said contract and final settlement thereof. * * *,"

[2] Bond.
"State of Alabama,
"Montgomery County.

"Know All Men By These Presents: That we, Hardaway Contracting Co., as principal, and National Surety Corporation of New York, N. Y., as sureties, are held and firmly bound unto the State of Alabama, in the penal sum of Two hundred seventy-eight thousand two hundred twenty seven and 12/100 Dollars, for the payment of which well and truly to be made, we hereby bind ourselves, our heirs, executors, administrators, successors and assigns.

"In Witness Whereof, we have hereunto set our hands and affixed our seals, this 28 day of December, 1933.

"Provided, However, that the condition of this obligation is such that whereas the above bound Hardaway Contracting Co. have this day entered into a contract with the said State of Alabama, for the building of 21.437 miles of road in DeKalb County, to-wit: a road leading from Ft. Payne to the Georgia State line known as Project Number U. S. Public Works Project No. NRH 245 and NRM 245, a copy of which said contract is hereto attached.

"Now, Therefore, in the event that said Hardaway Contracting Co. as such contractor shall faithfully and promptly perform said contract and all the conditions and requirements thereof, then this obligation shall be null and void and of no

During the period from January to June, 1934, the appellee, in accordance with his contract with the Hardaway Company, performed certain grading operations and furnished certain materials used in the construction of the road. His portion of the work was substantially completed in June, 1934, and his forces were withdrawn from the project. In 1934 the appellee received from the Hardaway Company payments on account for the work and materials. In the early part of 1935 a dispute arose between the parties as to the total amount of the labor and materials contributed by appellee, Hardaway contending that a portion of the grading claimed by appellee had in fact been done by another subcontractor on the project and the appellee contending that his forces had performed it. Following the final completion of the road and the receipt by the Hardaway Company in April, 1935, of the last payment from the State of Alabama, Hardaway forwarded two checks to the appellee in the amounts of $9,897.26 and $212.45. On August 6, 1935, the appellee informed appellant by letter that he was depositing the checks for collection but that he did not accept them as payment in full of the amount due under his contract. The sums received were credited by the appellee on his account with the Hardaway Company.

Having been unable to adjust his differences with the Hardaway Company the appellee commenced this action against the appellant in the district court of Minnesota on April 14, 1936.

It will be noted that Section 28 of the 1927 Act, supra, provides "That where suit is instituted by any of such creditors on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and final settlement thereof; * * * all actions against the surety, as provided under this section, must be commenced within sixty days after the complete performance of said contract and final settlement thereof." The parties agree that the road was completed and that "final settlement" occurred on April 15, 1935, the date that the final estimate by the Alabama State Highway Commission of the total work done and amount due the Hardaway Company received the approval of the Comptroller and Governor of that state. Under the 1927 Act, therefore, the appellee had 60 days after April 15, 1935, in which to bring his action against the surety, and it is clear that if the limitation contained in that Act is controlling this action commenced on April 14, 1936, was not timely begun.

The appellee contends, however, that the limitation contained in Section 28 of the 1927 Act does not govern this action in view of the fact that this section was expressly repealed by the Alabama legislature by an Act effective February 8, 1935, hereinafter referred to as the 1935 Act. Chapter 53A, Article 2, Section 2931(9), Supp., Alabama Code of 1928. The pertinent portion of the 1935 Act, p. 70, which was in effect at the time that appellee's right of action accrued, is set forth in the margin.[3]

effect, otherwise to remain and be in full force and effect.

\* \* \* \* \* \*

"The said principals and sureties agree as a part of this obligation that such contractor shall promptly make payment to all persons supplying him or them with labor, material, feedstuffs or supplies, in the execution of the work provided for in such contract, as provided for in Section 28 in the Act of the Legislature approved August 23, 1927, and designated as 'The Alabama Highway Code.'"

[3] "Section 1. Contractor's bond. Any person, firm or corporation entering into a contract with the State or any County or municipal corporation or sub-division thereof in this State for the repair, construction or prosecution of any public buildings or public work, highways or bridges, shall be required, before commencing such work, to execute a performance bond, with penalty equal to 50 percent of the amount of the contract price, and in addition thereto, another bond with good and sufficient surety, payable to the State, County or municipal corporation or subdivision, letting the contract, in an amount not less than 50% of the contract price, with the obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor, materials, feed-stuffs or supplies for or in the prosecution of the work provided for in such contract, and for the payment of reasonable attorneys fees, incurred by successful claimants or plaintiffs in suits on said bond; and any person, firm or corporation that has furnished labor, materials, feed-stuffs or supplies for or in the prosecution or repair of any public building or public work, highways or bridges, and payment for which has not been made, shall be authorized to institute an action upon said bond in his or their name or names and to have their

Since the 1935 Act provides that suits by creditors on contractor's bonds "shall be commenced not later than one year from the date of final settlement of said contract", the appellee's action, filed one day less than a year from that date, is timely if the limitation period of the 1935 Act is controlling.

Except in the repealing section the 1935 Act does not refer to the 1927 Act and its terms do not purport to be applicable to bonds executed under the earlier Act. The limitation period provided in the 1935 Act and the other provisions relative to creditors' suits all purport to be applicable solely to bonds executed in conformity with the 1935 Act. The appellee contends that if the 1935 Act is not controlling, actions on bonds executed pursuant to the 1927 Act must be governed by the general six-year limitation applicable to actions upon contract in the State of Alabama. Alabama Code 1928, Section 8944. He further contends that the limitation period of the 1927 Act relates solely to the remedy for the enforcement of the obligation of the bond and that as such the Alabama legislature may change the period for bringing actions on the bond at will, so long as the bar has not fallen. Home Building & L. Ass'n v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L. Ed. 413, 88 A.L.R. 1481; Oshkosh Waterworks Co. v. Oshkosh, 187 U.S. 437, 23 S.Ct. 234, 47 L.Ed. 249; National Surety Company v. Architectural Decorating Company, 226 U.S. 276, 33 S.Ct. 17, 57 L.Ed. 221; Davis v. Sugg, 215 Ala. 93, 109 So. 745.

■ We are of the opinion that neither the one-year limitation contained in the 1935 Act nor the six-year limitation on actions on contract is applicable to actions on bonds executed pursuant to the 1927 Act.

In Alabama v. Southern Surety Co., 1930, 221 Ala. 113, 127 So. 805, the Supreme Court of Alabama held that the Alabama Act of 1927, p. 356, § 28, supra, was substantially an adoption of the parent federal Act, c. 778, 33 Stat. 811, 40 U.S.C. § 270, 40 U.S.C.A. § 270, and that the Alabama legislature must be deemed to have adopted the authoritative interpretations of the federal Act. The federal courts have held that the limitations contained in the federal Act are limitations upon the liability itself and not merely upon the remedy for its enforcement. United States ex rel. Texas Cement Co. v. McCord, 1914, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893; United States v. Boomer, 1910, 8 Cir., 183 F. 726; Eberhart v. United States, 1913, 8 Cir., 204 F. 884, 891. In Texas Cement Co. v. McCord, supra, the court stated [233 U.S. 157, 34 S.Ct. 552, 58 L.Ed. 893]: "The statute thus creates a new liability and gives a special remedy for it, and upon well-settled principles the limitations upon such liability become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself."

■ In construing the Alabama Act of 1927 we are bound to follow the decision of the Alabama Supreme Court in Alabama v. Southern Surety Co., supra, and place the same interpretation on that Act as is placed on the federal Act by the federal courts. Burns Mortgage Co. v. Fried, 292 U.S. 487, 493, 494, 54 S.Ct. 813, 78 L.Ed. 1380. It follows that the sixty-day limitation contained in the 1927 Act became a limitation on the obligation of the surety on bonds executed pursuant to that Act. The subsequent enactment of the 1935 Act and the repeal of the 1927 Act in no wise affected that obligation. See United States Fidelity Co. v. United States for Use and Benefit of Struthers Wells Co., 209 U.S. 306, 28 S.Ct. 537, 52 L.Ed. 804; Coombes v. Getz, 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866; Cameron v. United States, 231 U.S. 710, 720, 34 S.Ct. 244, 58 L.Ed. 448; United States v. Schofield Co., C.C.E.D.Pa., 182 F. 240, affirmed in Title Guaranty & Surety Co. v. United States, 3 Cir., 187 F. 98.

It is argued with much ability that appellee's cause of action is not purely statutory; that it does not arise upon the statute, but upon the contractual liability created in pursuance of the statute; and that, although the contract derives its being from

---

rights and claims adjudicated in such action and judgment rendered thereon; provided, however, that no suit shall be instituted on said bond until after forty-five days written notice to the surety thereon of the amount claimed to be due and of the nature of the claim. Such suit shall be commenced not later than

one year from the date of final settlement of said contract. * * *

"Section 6. Section 28 of an act of the legislature of Alabama, Approved August 23rd, 1927 being Act No. 347, is hereby repealed; and all other laws and parts of laws in conflict with the provisions hereof are hereby repealed."

the statute, the former immediately acquires an independent existence competent to survive the destruction of the statute. Coombes v. Getz, 285 U.S. 434, 442, 52 S. Ct. 435, 76 L.Ed. 866. The rule thus stated is in part applicable, but it does not support appellee's contention. The contract as actually made is in fact competent to survive the destruction of the statute. Since the statute created a new liability and must, therefore, be read into the contract the surety's contract was to pay, if its principal did not, the claims of the subcontractors, "Provided, that all actions against the surety * * * must be commenced within sixty days after complete performance of said [construction] contract and final settlement thereof." This provision of the contract survived the repeal of the 1927 Act and was not affected by the 1935 Act. Eberhart v. United States, supra, and cases cited above.

Since this action was commenced after the obligation of the bond had expired the judgment of the district court must be and it is reversed, and the cause remanded for further proceedings consistent with this opinion.