Effie W. Corry *v.* The Pennsylvania Railroad Company,
Appellant.

*Assumpsit—Action ex delicto—Affidavit of defense—Practice, C. P.—Act of May* 25, 1887.

Under the Act of May 25, 1887, P. L. 272, the legislature intended to confine the remedy by judgment for want of an affidavit of defense to actions ex contractu alone, as they were before the act was passed, and not to extend this remedy to actions ex delicto, or in their nature ex delicto.

The cause of action under a statement alleging that plaintiff, intending to become a passenger, sent her trunk to defendant's station, and that defendant so negligently and carelessly kept it, that, before her arrival to pay her fare and take her journey, it was rifled of its contents, is for the negligent and careless keeping of the trunk before plaintiff became a passenger, the remedy for which would be an action on the case for damages for negligence, which is essentially an action ex delicto, as well since as before the passage of the act of May 25, 1887, which only assumes to group together into an action of assumpsit those demands arising ex contractu which were

theretofore "recoverable in debt, assumpsit or covenant," and all actions of trespass, trover and trespass on the case into one action, "to be called an action of trespass."

Under the act of May 25, 1887, the actions of assumpsit for which judgment may be taken for want of an affidavit of defense are limited to such as are founded on contract alone, and do not include cases in which the cause of action is ex delicto, or of a mixed character of contract and tort.

It was the intention of the legislature to limit the remedy by judgment for want of an affidavit of defense to causes of action which were either actually in writing, or contracts, the whole details of which could be plainly set down in writing, with particular terms and limitations, so that a liability for the payment of a definite sum of money could be expressed. Per GREEN, C. J.

Argued Jan. 8, 1900. Appeal, No. 213, Jan. T., 1899, by defendant, from judgment of Superior Court, Oct. T., 1898, No. 181, reversing order of C. P. No. 4, Phila. Co., Sept. T., 1898, No. 548, discharging rule for judgment for want of a sufficient affidavit of defense. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Reversed.

Appeal from Superior Court.

From the record it appeared that the writ was in assumpsit. Plaintiff declared that " she sent her trunk, containing her personal baggage, to the station at Beverly, by a public hackman, to be transported to Camden. . . . The hackman . . . . carried the trunk into the waiting room . . . . and in the presence of the agent deposited the same in . . . . room designated . . . . for the reception of intending passenger's baggage. . . . The defendant . . . . did not safely keep the said trunk, . . . . but so negligently and carelessly kept the same . . . . that at the time the plaintiff reached the station to pay her fare . . . . almost all the articles of baggage . . . . were missing from said trunk. . . ."

The court of common pleas discharged a rule for judgment for want of an affidavit of defense.

The Superior Court reversed the lower court, and directed judgment for plaintiff. See Corry v. Railroad Co., 10 Pa. Superior Ct. 232. Defendant appealed.

*Error assigned* was the order of the Superior Court.

*David W. Sellers*, for appellant.—Before the act of 1887, no judgment for want of an affidavit of defense was recoverable, unless the instrument or contract set forth created a direct liability for the payment of money. The test was, could the plaintiff secure a verdict on the face of the instrument? If he could, then an affidavit was required; if he could not, then the cause of action stood over for trial: Lycoming Fire Ins. Co. v. Brierly, 10 W. N. C. 45; Calhoun v. Loan Assn., 104 Pa. 392. This doctrine has not been changed, though the action is assumpsit under the act of 1887: Osborn v. Bank, 154 Pa. 134; Krause v. Penna. R. Co., 20 W. N. C. 111; Hirst v. Whiteside, 30 W. N. C. 275.

*T. A. Fenstermaker*, for appellee.—The statement in the case at bar discloses an action in form as well as in substance upon a contract specially and circumstantially set out; and if the subject of a suit be based upon contract, the suit will be attended by all the incidents of an action ex contractu: Livingston v. Cox, 6 Pa. 360; Porter v. Hildebrand, 14 Pa. 129.

The mere fact that the statement also alleges that the defendant was negligent does not make the action ex delicto: McCahan v. Hirst, 7 Watts, 175; Cook v. Haggarty, 36 Pa. 67; Woodruff v. Painter, 150 Pa. 91; Zell v. Dunkle, 156 Pa. 353; Menner v. Del. & Hudson Canal Co., 7 Pa. Superior Ct. 135.

Where the injury complained of is both a breach of contract and a tort, the plaintiff may proceed upon the latter, or he may waive the tort and declare upon the contract: Hunt v. Wynn, 6 Watts, 47; McCahan v. Hirst, 7 Watts, 175; McCall v. Forsyth, 4 W. & S. 179; Smith v. Seward, 3 Pa. 342; Livingston v. Cox, 6 Pa. 360; Porter v. Hildebrand, 14 Pa. 129; Reeside v. Reeside, 49 Pa. 322; Zell v. Dunkle, 156 Pa. 353; Menner v. Del. & Hudson Canal Co., 7 Pa. Superior Ct. 135.

It is submitted that, in the present case, the plaintiff had the right to elect, and had elected, the action of assumpsit as her remedy; and was entitled to judgment on failure of the defendant to reply by an affidavit setting forth a substantial and legal defense on the merits of the case, as required by the act of 1887: Byrne v. Hayden, 124 Pa. 170; Jones v. Gordon, 124 Pa. 263; Laufer v. Landis, 125 Pa. 104; Marlin v. Waters, 127 Pa. 177; Barr v. McGary, 131 Pa. 401; Wing v. Bradner,

162 Pa. 72; Market Co. v. Brooks, 163 Pa. 40; Oil City v. Hartwell, 164 Pa. 348; Paul v. Grimm, 165 Pa. 139.

OPINION BY MR. CHIEF JUSTICE GREEN, February 5, 1900:

According to the plaintiff's statement of her cause of action she had not assumed the relation of passenger and carrier with the defendant at the time of the loss of her goods. She distinctly states that she intended to become a passenger and sent on her trunk to the station where it was left awaiting her arrival, and that in the mean time, and before her arrival at the station, the trunk was rifled of a large part of its contents which she never received back. She further states that, nevertheless, she did become a passenger as she had intended, and that the missing articles were never redelivered to her. According to this, at the time the articles were taken she had not become a passenger, and hence the company never did undertake to carry her and her missing baggage to her destination. It follows that the cause of action could not be founded upon a contract to carry the plaintiff and her missing articles to her destination, and hence the loss of them is not a breach of a contract of carriage. The statement further proceeds to say that " the defendant did not safely keep the said trunk and baggage, but so negligently and carelessly kept the same that before, and at the time the plaintiff reached the station to pay her fare and take her contemplated journey, almost all the articles of baggage which said trunk contained when delivered to defendant as aforesaid were missing from said trunk." It is evident therefore that the cause of action is the negligent and careless keeping of the trunk before the plaintiff became a passenger. That being so, the remedy would be an action of case to recover damages for negligence, which is essentially an action ex delicto, as well since as before the passage of the act of May 25, 1887. That act only assumes to group together into an action of assumpsit those demands arising ex contractu which were theretofore " recoverable in debt, assumpsit or covenant," and all actions of trespass, trover or trespass on the case into one action " to be called an action of trespass." In the case of Osborn v. First National Bank of Athens, 154 Pa. 134, we held that no affidavit of defense could be required in an action of debt to recover a penalty, for the double reason that it was substantially

an action ex delicto, and that being an action to recover penalties, the defendant cannot be required to furnish evidence against himself. We said: "It is claimed however that the act abolished the distinction between the different forms of action ex contractu, and directed that the action of assumpsit be brought in all cases of demands recoverable theretofore in debt, assumpsit or covenant.· And because the fourth section contains a provision that in the action of assumpsit judgment may be taken for want of an affidavit of defense, it is argued that this includes actions for penalties because they were recoverable by action of debt. But this contention entirely overlooks the fact that the distinction between actions ex contractu and actions ex delicto was not abolished, and that, although penalties could be recovered by action of debt, it was not the same class of liabilities for which debt was the remedy at common law. Debt for penalties is in its nature ex delicto, whereas all other debt is in its nature ex contractu."

We think an examination of the act of 1887 clearly shows that it was the intent of the legislature to confine the remedy by judgment for want of an affidavit of defense to actions ex contractu alone, as they were before the act was passed, and not to extend this remedy to actions ex delicto, or in their nature ex delicto. Thus, in section 3 of the act, it is provided that the plaintiff's statement shall contain "a concise statement of the plaintiff's demand, as provided by the fifth section of the act of twenty-first day of March, one thousand eight hundred and six, which, in the action of assumpsit, shall be accompanied by copies of all notes, contracts, book entries, or a particular reference to the records of any court, within the county in which the action is brought, if any, upon which the plaintiff's claim is founded, and a particular reference to such record, or to the record of any deed, or mortgage, or other instrument of writing recorded in such county, shall be sufficient in lieu of the copy thereof."

The 5th section of the act provides that, "In the action of assumpsit, judgment may be moved for want of an affidavit of defense, or for want of a sufficient affidavit, for the whole or part of the plaintiff's claim, as the case may be, in accordance with the present practice in actions of debt and assumpsit."

It seems to us quite clear that it was intended to limit the actions of assumpsit for which judgment may be asked for want of an affidavit of defense to such only as were founded upon contract alone. There is nothing in the language of either section which contemplates cases in which the cause of action may be ex delicto, or of a mixed character containing an element of contract, and an element of tort. The plain inference from the language of both sections is that it was the intention of the legislature to limit this remedy to causes of action which were either actually in writing or contracts the whole details of which could be plainly set down in writing, with particular terms and limitations, so that a liability for the payment of a definite sum of money could be expressed. Where the element of negligence enters into the relation of the parties, indefinite and uncertain damages, depending not on any stipulations of the parties whether express or implied, but on the uncertain verdicts of juries, become substituted as the foundation of the right of recovery. Moreover it is very certain that it was not " in accordance with the present (1887) practice in actions of debt and assumpsit " to take judgments for want of an affidavit of defense in cases where the very foundation of the plaintiff's claim was an act of negligence pure and simple on the part of the defendant. It is sufficient to say that such a right must find its existence in some positive statutory provision, and there is no provision of that character on our statute books. The assignments of error are sustained.

The judgment of the Superior Court is reversed and the judgment of the common pleas, No. 4, is affirmed.