## Putney Shoe Company v. Edwards, Appellant.

*Corporations—Foreign corporations—Doing business—Registration—Act of June 8, 1911, P. L. 710.*

A foreign corporation may maintain a suit in Pennsylvania although it has not registered under the Act of June 8, 1911, P. L. 710, if it appears that it has no place of business in Pennsylvania, but merely solicits orders through salesmen and delivers the goods thus ordered to a common carrier in the state of its domicile, consigned to the purchaser at his place of business in Pennsylvania.

Argued Feb. 23, 1915.   Appeal, No. 8, February T., 1915, by defendant, from judgment of C. P. Tioga Co., January T., 1914, No. 76, on verdict for plaintiff in case of Stephen Putney Shoe Company v. Arthur Edwards. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Appeal from judgment of justice of the peace.   Before CAMERON, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $85.36.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*W. K. Swetland* and *Paul J. Edwards,* with him *Charles L. Peck* and *John S. Ryon,* for appellant, cited: Commercial Jewelry Co. v. Schatz, 41 Pa. C. C. R. 490.

No printed brief for appellee.

OPINION BY HEAD, J., July 21, 1915:
The single question involved in the present appeal lies

within an extremely narrow compass.   The plaintiff is
a corporation organized under the laws of the State of
Virginia.   The defendant is a merchant doing business
in Tioga County, Pennsylvania.   A salesman of the
plaintiff solicited and obtained an order for certain mer-
chandise from the defendant.   The order was trans-
mitted to the plaintiff in Virginia, there accepted by it,
and the goods ordered delivered to a common carrier
consigned to the defendant at his place of business.   In
due course they were received by him and retained.
Having neglected and refused to pay for them, the plain-
tiff brought this action to recover the agreed-on price.

At the trial no defense on the merits was offered.   The
sole contention urged upon the trial court was that un-
der the provisions of the Act of June 8, 1911, P. L. 710,
the plaintiff was debarred from obtaining any relief in
the courts of this Commonwealth until it had complied
with the requirements of that statute.   There was no
evidence at all that the plaintiff company maintained
any place of business in the State of Pennsylvania or
had any portion of its capital invested therein, or any
other fact that would have warranted the conclusion
that, within the meaning of the Act of 1874, the plaintiff
was doing business within the Commonwealth.   The ex-
pression, "doing business within the Commonwealth," as
applied to foreign corporations, has been so frequently
defined, a citation of the cases would be wholly unnec-
essary.   It is as clear as anything can be that the plain-
tiff corporation would not be bound by any requirement
of the earlier statute so far as the facts of this case are
concerned.

But it is contended that under the provisions of the
Act of 1911 referred to, no foreign corporation may
seek the aid of the courts of Pennsylvania without hav-
ing complied with the requirement of the said statute.
If that were true, the plaintiff in Duroth Mfg. Co. v.
Cauffiel, 243 Pa. 24, could not have maintained the ac-
tion of replevin, and such a contention was urged upon

the court in that case. But a glance at the statute itself convinces us it was not the intention of the legislature thereby to impose a revenue tax upon every foreign corporation that sought the aid of the courts of Pennsylvania. In the title to the act, the legislature declares its purpose to be to deal only with foreign corporations "doing business in this Commonwealth." As that expression had been so thoroughly defined in numerous decisions, it is not to be presumed the legislature, in the Act of 1911, used it in any different sense than the one uniformly followed since the passage of the Act of 1874. It is true the term "foreign corporation" is properly defined by the first section of the act, but the second section indicates that it shall be operative only upon such corporations as undertake to do business within the Commonwealth. That being true, it must follow, under the facts of this case, the learned judge below was right in holding that the plaintiff corporation was not shut out from recovering the price of goods sold and delivered by it in the State of Virginia. There was no sound basis then for a binding direction to find for the defendant or for the entry of judgment in his favor notwithstanding the verdict. The assignments of error are overruled.

Judgment affirmed.