## Jeffery, Appellant, v. American Federation of Labor et al.

*Judgment—Want of affidavit of defense—Action in tort.*

1. A judgment entered for want of an affidavit of defense will be stricken off, where it appears that, while the summons was issued in assumpsit, the statement of claim showed that the action sounded in tort.

2. One cannot, by calling an action in tort assumpsit, entitle himself to judgment for want of an affidavit of defense.

Argued December 1, 1924.  Appeal, No. 80, Jan. T., 1925, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1923, No. 7655, making absolute rule to strike off judgment, in case of Harry S. Jeffery v. American Federation of Labor et al.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Rule to strike off judgment.  Before AUDENRIED, P. J. The opinion of the Supreme Court states the facts. Rule absolute.  Plaintiff appealed.

*Error assigned* was, inter alia, order, not quoting it but referring to the record by page.

*William T. Cooper*, for appellant.

*Alexander Meigs Haig* and *Michael Francis Doyle*, for appellee, were not heard.

Per Curiam, January 5, 1925:

A judgment against defendants for want of an affidavit of defense was stricken off, and this appeal followed.

We have read with care plaintiff's statement of claim, covering eighteen printed pages, and agree with the court below that, while the summons issued in assumpsit, the action sounds in tort. Of the 35 charging paragraphs, the few that show any elements of contract would not support a judgment by default. One cannot, by calling an action in tort assumpsit, entitle himself to judgment for want of an affidavit of defense: Corry v. Pa. R. R. Co., 194 Pa. 516; Parry v. First N. Bank, 270 Pa. 556, 562.

The order appealed from is affirmed.