## Conroy v. Commercial Casualty Insurance Company.

*Liability insurance — Co-operation by insured in defence — Refusal by insured to execute an unnecessary pleading will not justify repudiation of liability by insurer.*

Under a liability policy which requires the insured to render the insurer "all co-operation and assistance in his power," the latter cannot repudiate liability upon the ground that the former refused to execute an affidavit of defence in an action for personal injuries by passengers in his automobile on an alleged demonstration trip, denying that the trip was for demonstration purposes, as whether the trip was for pleasure or demonstration purposes in no way affected the measure of care which the insured was bound to exercise in the operation of his machine, and the affidavit was, therefore, immaterial. Aside from this, under the Practice Act of May 14, 1915, P. L. 483, no affidavit of defence was required to contest the alleged negligence of the insured.

Rule for judgment for plaintiff *n. o. v.* C. P. No. 2, Phila. Co., Sept. T., 1926, No. 743.

Israel K. Levy, for plaintiff; S. S. Herman, for defendant.

GORDON, JR., J., Oct. 11, 1927.—In this case the jury rendered a verdict for the defendant, and the plaintiff moves for judgment *n. o. v.* The plaintiff was insured by the defendant against claims for damages for personal injuries resulting from the operation of his automobile. While this insurance was in force an accident occurred, in which a Mr. and Mrs. Merritt, who at the time were passengers in the plaintiff's automobile, were injured. The Merritts then brought a suit for damages against the plaintiff in this court on Feb. 9, 1926, and recovered a verdict against him in the total sum of $2000, which, with interest and other proper costs and expenses, aggregates $2985.80, which latter sum the parties have agreed is the correct amount for which the judgment should be entered, if it is granted *n. o. v.* After the accident which was the subject of that suit, the plaintiff, Conroy, made a report of it to the defendant, in which he stated that the Merritts had been his guests on a pleasure trip. The Merritts filed a statement of claim, in which they merely averred that at the time of the accident they were lawful passengers in the Conroy's car. Later, they amended their statement and averred that they had become passengers in it "at the invitation and request" of Conroy, who was in the business of selling automobiles, "for the purpose of demonstration," in an effort to sell an automobile to them. When the amended statement was filed, the attorney for the defendant, who had undertaken the defence of the suit, presented to the plaintiff a proposed affidavit of defence in which the latter allegation was denied, and it was averred that the Merritts had been Conroy's guests on a pleasure trip. Conroy refused to execute this affidavit, stating that his first report to the defendant had been wrong, and that as a matter of fact their trip was at least partly taken for demonstration purposes. The defendant then declined to further defend the case, and repudiated liability under the policy, taking the position that, by refusing to execute the affidavit presented to him, the plaintiff had violated clauses *D* and *E* of the conditions of the policy. The pertinent parts of these clauses are as follows:

"If a claim for damages is made upon the Assured on account of such accident, the Assured shall give like notice thereof with full particulars. The Assured shall at all times render to the Company all co-operation and assistance in his power.

"The Assured, whenever requested by the Company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses

and in prosecuting appeals, but the assured shall not voluntarily assume any liability or interfere in any negotiation for settlement, or in any legal proceeding, or incur any expense, or settle any claim, except at the Assured's own cost, without the written consent of the Company previously given, except that, as respects liability for personal injuries covered hereunder, the Assured may provide at the Company's expense such immediate surgical relief as is imperative at the time of the accident."

The plaintiff then defended the suit by his own counsel with the result already stated.

When the damage suit had been ended and the judgment paid by Conroy he brought this suit upon the policy, and the defendant interposed the defence outlined above. At the trial, the plaintiff so testified that the trial judge was compelled to point out to the jury that the affidavit of defence, which the plaintiff had been requested by the defendant's counsel to sign, accorded with the plaintiff's version of the matter upon the witness-stand, and was in that respect a truthful and proper paper to file in the case. The court, therefore, submitted to the jury as the only question of fact in the case whether the plaintiff's uncontradicted testimony as to the nature of the trip was correct.

The verdict of the jury very properly resolved this question of fact in favor of the defendant, and the case is ripe for a decision upon the legal question raised by this motion for judgment n. o. v. By conditions D and E of the policy, the plaintiff agreed "at all times" to "render to the company all co-operation and assistance in his power" and to refrain from interfering in any legal proceedings, the defence of which the company should undertake. We have no doubt that by this language the plaintiff bound himself to execute any reasonable and proper pleading presented to him which was consistent with the truth. The risks of the litigation were assumed by the company, and the plaintiff's interest in its outcome was practically nil. It was for this reason that he agreed to maintain an attitude of helpful co-operation and non-interference. He, therefore, had no right to interject his judgment as to the propriety or wisdom of the defendant's conduct of the case. The defendant, on the other hand, could not repudiate its duties under the policy for captious or trivial reasons. In assuming complete control of the litigation, it was bound to know the law of the case, and it could not, in our opinion, refuse to go on merely because the plaintiff declined to sign a document which could in no way affect its rights or interests. Such we deem to be the situation in the present case. In the first place, the degree of care which the plaintiff owed to the Merritts while they were in his car was the same, whether the trip was one of business or pleasure. It was of no importance to the defence of the case, therefore, which was pleaded. In the second place, the filing of an affidavit of defence was in no way needful to enable the defendant to take advantage of the issue it sought thereby to raise. It was already present in the case, and available to the defendant by the provisions of the Practice Act, whether or not an affidavit of defence was filed: Wilson v. Adams Express Co., 72 Pa. Superior Ct. 384; Charlap v. Lepow, 87 Pa. Superior Ct. 466; Cowan v. Nagel, 89 Pa. Superior Ct. 122; Flanigan v. McLean, 267 Pa. 553; Leonard v. Coleman, 273 Pa. 62.

While there does not appear to be any direct authority in Pennsylvania upon this question, it has been considered by other jurisdictions in cases involving claims by insurance companies of failure to co-operate on the part of the insured. The facts of such cases are, of course, as varied as the possibilities of co-operation. The judicial discussions in them of the underlying principles, however, are illuminating as indicating the general trend of legal

thought on the subject. Thus, in parmelee v. Ætna Life Insurance Co., 166 Fed. Repr. 741, the court said: "In contracts of this kind, to escape liability, the insurer must show that the breach is something more than a mere technical departure from the letter of the bond—that it is a departure that results in substantial prejudice and injury to its position in the matter." In Porter v. Traders' Insurance Co., 164 N. Y. 504, it was held that "The burden was upon the defendant to show that the insured violated the conditions of the policy in some substantial and material particular." See, also, Roth v. National Automobile Mutual Casualty Co., 202 N. Y. App. Div. 667. It was not contended or shown in the case before us that the contradictory versions of the nature of the trip as told by the plaintiff to his insurance company, or his conduct in refusing to execute the affidavit of defence, was the result of any improper collusion with the insured person, or was the product of bad faith on his part. Had this been the case, a different question would have been presented. It would be a harsh rule to apply which would permit an insurance company, when called upon to fulfill its contract of insurance, to decline to do so upon the ground of a failure of co-operation which was unsubstantial and which did not, and could not, harm it.

We do not wish to be understood as holding that an insured under such a policy as that before us can to any degree meddle with the conduct of his defence by his insurer, either by active interference or passive want of co-operation, however slight the meddling may be. We merely hold that when the insurer already has a defence effectively available to it, and it cannot be shown that the refusal of the insured to execute a completely unnecessary pleading did or could have done it any harm, the insurer has no ground for repudiating liability. Its action in doing so would be captious and arbitrary and would constitute a breach of the policy on its part.

We, therefore, conclude that the plaintiff is entitled to recover the amount agreed upon at the trial, and accordingly now direct the prothonotary to enter judgment in favor of the plaintiff n. o. v. for $2985.80.