## Loveland et al. *v.* Shultz, Appellant.

Argued November 14, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Charles H. Tyson,* for appellant.

*Samuel E. Bertolet,* for appellees.

Opinion by Stadtfeld, J., March 3, 1933:

This was an action brought by Theodore O. Loveland and James L. Records, co-partners trading as Brenard Manufacturing Company against W. H. Shultz, alias William Shultz, to recover the amounts

of six promissory notes executed by defendant and delivered to plaintiffs.

Plaintiffs' statement of claim filed May 26, 1931, and copy served on defendant on May 27, 1931, averred the execution and delivery of said notes by defendant on December 9, 1929, at the same time that he executed a written order, duly approved by plaintiffs on December 12, 1929, under which defendant purchased from plaintiffs certain radio sets at prices therein specified. Copy of order and of the notes sued upon are attached to statement.

The order, inter alia, contains the following provision: "In consideration of tying up territory and to protect you in your special methods and plans and in your expenditures this order can not be countermanded or cancelled." and "N. B. You, the Brenard Mfg. Co., are not to furnish solicitors or any other personal service not specifically provided for herein, and no verbal or other agreement not appearing herein shall be binding upon you."

The statement further avers that in pursuance of said order plaintiffs shipped to defendant on the 23rd day of December, 1929, f. o. b. plaintiffs' distributing point at Iowa City, Iowa, by delivery to the Chicago, Rock Island and Pacific Railway Co., the articles in said order mentioned, and that plaintiffs have in every particular performed their part of the agreement.

On August 4, 1931, defendant filed a petition averring that plaintiffs are not registered under the act of assembly relating to fictitious names, and praying, inter alia, that all proceedings be stayed until plaintiffs shall have complied with said act, or in default thereof the statement be stricken off and plaintiffs' case dismissed. An answer to this petition was filed by plaintiffs averring that the facts referred to must

be raised in an affidavit of defense. The rule granted on this petition was on September 10, 1931, after argument, discharged and defendant granted fifteen days to file affidavit of defense.

On October 13, 1931, affidavit of defense was filed admitting signing of the agreement and execution and non-payment of the notes, but averred that he executed the notes "relying upon the promise and assurance of plaintiffs' agent that he would aid and assist the defendant in preparing and arranging for the business to be done under said order, which was violated by said agent's failure to appear again;" that the prices charged by plaintiffs were much higher than the prices for like radio sets prevailing in his neighborhood, and that he would not be able to sell same in his locality; that he therefore rescinded the order, notifying the station agent of the Reading Company at Wernersville thereof, and when said goods reached Wernersville station of the Reading Company on January 8, 1930, he instructed said agent to return the goods to plaintiffs as refused and said agent received acknowledgment on January 11, 1930, from plaintiffs of notice of said refusal. Under head of 'new matter,' defendant averred that the radio sets were reshipped to plaintiffs and were delivered to and accepted by plaintiffs on March 17, 1930 without any condition or reservation whatever. Defendant also averred that plaintiffs had not registered under the Fictitious Names Act and therefore could not maintain this action.

Plaintiffs filed a reply denying the alleged agreement with plaintiffs' agent, denying rescission of said order, as also that defendant notified the station agent at Wernersville of such alleged rescission, and averred that defendant wrongfully refused to accept delivery of the goods when they reached Wernersville and

that they remained there until they were about to be sold by the railroad company, whereupon the plaintiffs had the goods reshipped to Iowa City and placed the same in storage on defendant's account and in his name as his property, with notice to him thereof, where said goods have remained since that time.

Both plaintiffs and defendant entered rules for judgment upon these pleadings. On February 4, 1932, the court discharged both rules and on March 11, 1932, an opinion was filed by SCHAEFFER, P. J.

From the order refusing judgment in favor of defendant on the pleadings, this appeal is taken. The assignments of error are that the court erred, inter alia, (1) in dismissing defendant's petition to compel plaintiffs to register under the Fictitious Names Act or in default thereof to strike off plaintiffs' statement, and (2) in discharging the rule for judgment for want of sufficient reply to defendant's 'new matter' set forth in the affidavit of defense.

Passing the fact that the motion to strike off plaintiffs' statement of claim in default of registration under the Fictitious Names Act was not made within fifteen days after service of copy of statement, as required under the Practice Act, which is fatal to the motion (Cameron v. Fishman, 291 Pa. 12) we are of the opinion that registration was not required under the facts averred. There is no averment that plaintiffs were conducting or doing business in the State of Pennsylvania in a manner requiring registration. The mere solicitation and obtaining of an order to be submitted to a principal in another state for approval, from which point goods are shipped, is not the conducting or carrying on of business requiring registration under the act: Putney Shoe Co. v. Edwards, 60 Pa. Superior Ct. 338.

Defendant was not entitled to judgment on the pleadings. Defendant's averment in the affidavit of

defense that the goods were returned to and accepted by the plaintiffs was denied in plaintiffs' reply. This raises a question of fact for the jury.

The assignments of error are overruled and orders affirmed.