## Morgan, Appellant, *v.* Debon.

Argued January 30, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*S. Maxwell Flitter*, with. him *Everett Kent*, for appellant.

*Israel Krohn*, for appellee.

OPINION BY MR. JUSTICE STERN, March 25, 1940:

By the Act of July 1, 1935, P. L. 503, a one year limitation was prescribed for the bringing of suits to recover damages for malicious prosecution, with a similar period allowed from the passage of the statute in cases where the cause of action had already accrued. The present suit in trespass, being for damages for a malicious prosecution in 1934, was barred, by virtue of this act, after July 1, 1936, but action was not begun until July 18, 1936. For that reason defendant, at the conclusion of plaintiff's case, requested and was granted a compulsory nonsuit, which the court in banc refused to take off. Plaintiff now appeals on the ground that

defendant, because of a pleading he had filed, was not entitled to take advantage of the statute of limitations.

The Act of May 25, 1887, P. L. 271, section 7, provided that the only plea in an action of trespass should be "not guilty." Under that plea it was not necessary to plead specially the defense of the statute of limitations: *Martin v. Pittsburgh Railways Co.*, 227 Pa. 18, 21; *Kelly v. Pennsylvania Company*, 253 Pa. 553, 556; *Hartig v. American Ice Co.*, 290 Pa. 21, 35. All pleas were abolished by section 3 of the Practice Act of 1915, P. L. 483, and since then a defendant in a trespass action is not obliged to plead anything, except that, by section 13 of the act, if he wishes to deny the averments in the statement of claim of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, or any similar averment, it is incumbent upon him to do so in an affidavit of defense, or else such averments are taken to be admitted. All other defenses are available in a trespass action without the filing of any pleading whatever: *Leonard v. Coleman*, 273 Pa. 62; *Fields v. Philadelphia Rapid Transit Co.*, 273 Pa. 282, 286.

The controversy here arises from the fact that defendant, although not obliged to do so, did file an affidavit of defense. In it he alleged that he had reasonable and probable cause for the prosecution he had instituted, that plaintiff was in fact guilty notwithstanding his discharge by the magistrate, that defendant had instituted the prosecution in good faith and not maliciously, and that plaintiff had not suffered any damage. Plaintiff takes the position that defendant, by filing this affidavit of defense, limited himself to the defenses thus set forth. He relies upon a dictum in *Vendig v. Union League of Philadelphia*, 291 Pa. 536, 540, to the effect that "This rule [that, under section 16 of the Practice Act of 1915, the evidence at the trial must be limited to the issues raised by the pleadings] applies to actions in trespass

. . . whenever a defendant chooses to file an affidavit of defense broad enough to define the issues, though, under section 13 of the statute, he is not required to answer to that extent." This dictum is not consistent with the principle that, if an affidavit of defense be filed in a case where not required by law, the plaintiff cannot obtain judgment on the ground of its insufficiency (*Corry v. Pennsylvania R. R. Co.*, 194 Pa. 516) ; or that, in such a case, the averments of the statement of claim cannot be considered as admitted even though not denied in the affidavit of defense (*Cowan v. Nagel*, 89 Pa. Superior Ct. 122). See also *Siegfried v. South Bethlehem Borough*, 27 Pa. Superior Ct. 456, 461, 462. Such an affidavit of defense is regarded as surplusage,* not as depriving the defendant who files it of any immunity or privilege otherwise enjoyed by him or as imposing any procedural limitation upon him. Since defendant in the present case could have availed himself of the defense of the statute of limitations had he not filed any affidavit of defense, he did not, by filing one, lose that right.

Even if plaintiff's appeal were sustained, the nonsuit taken off, and a new trial awarded, plaintiff's victory would be merely a Pyrrhic one. Defendant, before the retrial took place, would be entitled to amend the affidavit of defense filed by him so as to include therein what is an obvious fact, namely, that plaintiff's action was barred by the statute: *Tribulas v. Continental Equitable Title & Trust Co.*, 331 Pa. 283, 294.

The order of the court below dismissing plaintiff's motion to take off the compulsory nonsuit is affirmed.

---

* Of course, any statements contained therein may be offered in evidence by the plaintiff as declarations or admissions by the defendant.