Opinion by
 

 Stadteeld, J.,
 

 This is an action in assumpsit brought by the plaintiff, Simon Bilk, to recover damages for personal injuries alleged to have been sustained by reason of defendant’s breach of an implied warranty.
 

 The statement of claim avers, inter alia, that the plaintiff, on August 4,1939, purchased a bottle of milk, prepared, manufactured and packed by the defendant, Abbotts Dairies, Inc.; that the bottle contained broken
 
 glass;
 
 that upon drinking the contents of the said bottle, the plaintiff was cut, scratched and irritated in and about the inside of his mouth and throat; and that by reason of the presence of the foreign substance in the beverage, the defendant had committed a breach of its implied wárranty that the milk was fit for human consumption. No affidavit of defense was filed.
 

 At the trial of the case, plaintiff offered in evidence paragraph 4, among others, of the statement of claim, which avers that “on or about August 4,1939, the plaintiff relying upon the defendant’s implied warranties and representations, did purchase a bottle of milk prepared, manufactured and packed by defendant.” Defendant’s objection to this offer was sustained. The plaintiff then testified in his own behalf that he purchased the bottle of milk in question from Mitchell and Pierce, at 36th and Reed Avenue in the city of Philadelphia, an independent dealer from whom he had been purchasing milk for five or six years, and who “always handled Abbott’s milk.” Plaintiff further testified that the bottle and cap, introduced in ¡evidence, had inscribed thereon the name of the defendant company. He then stated that he drank the contents of the bottle containing broken glass and thereby sustained certain injuries which necessitated medical treatment. The statement
 
 *41
 
 of claim did not aver, nor was evidence adduced to show that the defendant company sold or supplied the dealer with the bottle of milk purchased from the latter by plaintiff.
 

 At the conclusion of the plaintiff’s case, defendant moved for a non suit. The court below granted the motion and the court en banc thereafter refused to remove the non suit. This appeal followed.
 

 , Appellant assigns as error (1) the refusal of the court below to admit in evidence paragraph 4 of the statement of claim and (2) the dismissal of the motion to take off the.non suit.,
 

 • The plaintiff in this case was the ultimate consumer of the contents of the bottle in question. He had the alternative of bringing a suit in trespass' against the defendant manufacturer to recover for injuries sustained by reason of the latter’s negligence
 
 (Rozumailski v. Phila. Coca-Cola B. Co.,
 
 296 Pa. 114, 145 A. 700;
 
 Menaker. et al. v. Milk Company,
 
 125 Pa. Superior. Ct. 76, 189 A. 714), or of bringing a suit in assumpsit for breach of an implied warranty
 
 (Nock v. Coca Cola Bottling Works of Pittsburgh,
 
 102 Pa. Superior Ct. 515, 156 A. 537). The suit was brought in assumpsit. .
 

 The Practice Act of 1915, P. L. 483, makes a distinction between actions of assumpsit and actions of trespass, as respects the- necessity for filing affidavits of defense. See,
 
 Mazzo v. F. W. Woolworth Co., Inc.,
 
 139 Pa. Superior Ct. 242, 245, 11 A. 2d 683. Section 6, relating to actions of assumpsit, provides that “Every allegation of fact in the plaintiff’s statement of claim, ......if not denied specifically or by necessary implication in the affidavit of defense,......or if no affidavit of defense ......be filed, shall be taken to be admitted, except as against an infant, a person of unsound mind, or one sued in a representative capacity
 
 *42
 
 as provided in section seven, and except as provided in section thirteen
 
 [1]
 
 .”
 

 Although the action in the instant case was brought in assumpsit, it nevertheless sounded in tort. This being the case, the provisions of the Practice Act of 1915 relative to affidavits of defense in actions of tort (section 13) are to be applied in so far as they relate to the averments relied on to establish negligence and the damages claimed.
 

 In
 
 Cowan v. Nagel et
 
 al., 89 Pa. Superior Ct. 122, this court said at pp. 124, 125, “In
 
 Corry v. Penna. R.
 
 Co., 194 Pa. 516, it was held that an affidavit of defense was not required under the Practice Act of 1887 in an action of assumpsit which was essentially ex delicto; that the provision requiring affidavits of defense to be filed was limited to such actions as were founded on contract alone and did not include cases in which the cause of action was ex delicto, or of a mixed character of contract and tort. It is true that case was decided prior to the Practice Act of 1915, but it was cited as authority by ¿he Supreme ,Court in
 
 Parry First Nat’l Bank of Lansford,
 
 270 Pa. 556, 562, an action in assumpsit sounding in tort, because ‘while the recent statute, (Act of 1915), provides, to a limited extent, for affidavits of defense in actions of tort, there is nothing in it which ¿requires such an affidavit to ¿meet plaintiff’s averments in the present case, particularly so far as they relate to the /description of the tort itself, or the damages
 
 *43
 
 suffered.’ In other words, if a cfaim is essentially one to recover damages for negligence, even though the liability arose out of a contract, the averments of the statement as to the negligent act and the damages resulting therefrom are not admitted by mere default of the defendant and must be proven.......In defending an action essentially tortious in character, even though brought in assumpsit, the provisions of the act relative to affidavits of defense in actions of tort (sec. 13) will be applied in so far as they relate to the averments relied on to establish negligence and the damages claimed. This is especially the case, where as here, the damages sustained are not fixed by the contract or their amount intrinsically established, but must be determined by the .opinion of witnesses.” It follows that the averment contained in paragraph 4 of plaintiff’s statement of claim cannot be considered as admitted by reason of defendant’s failure to file an affidavit of defense. See
 
 Morgan v. Debon,
 
 337 Pa. 452, 455, 12 A. 2d 5.
 

 At the trial of the case plaintiff testified that he had purchased the milk in question from a particular vendor, Mitchell and Pierce, who had handled Abbott’s milk for five or six years, and that the bottle and cap had inscribed thereon the name of the defendant company. The vendor had not been called as a witness. There was no averment or proof by the plaintiff that the defendant company had possession of the bottle of milk in question at the time of delivery, nor that the defendant company had, by delivery to the dealer, put the. particular bottle upon the market. In these respects the instant case differs from
 
 Rozumailski v. Phila. Coca-Cola B. Co.,
 
 supra, and
 
 Menaker et al. v. Milk Company,
 
 supra, wherein actions of trespass had been instituted by respective consumers to recover damages from negligent manufacturers for injuries sustained from the use of beverages 'containing deleterious substances. Neither was there any averment or proof by
 
 *44
 
 the plaintiff in this case that the defendant company had sold and delivered the bottle of milk in question to the dealer from whom plaintiff had made the purcháse, as there was in
 
 Nock v. Coca Cola Bottling Works of Pittsburgh,
 
 supra, wherein the action was brought in assumpsit for breach of an implied warranty.
 

 . The assignments of error are overruled and the order of the court below is affirmed.
 

 [1]
 

 “Section 13. In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section 6; the averments of the other facts on which plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted.......”