## Arch v. Slovene National Benefit Society, Appellant.

Argued May 1, 1944. Before KELLER, P. J., BALD-

RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Francis Taptich,* with him *Fulton, Fulton & Sheen,* for appellant.

*Samuel G. Wagner,* of *Wagner & Wagner,* with him *A. M. Oliver,* for appellee.

OPINION BY JAMES, J., September 28, 1944:

This is an action in assumpsit for salary due to the plaintiff as the medical officer of the defendant society. After the filing of a statement of claim, an affidavit of defense supplemented by averments of new matter, and a reply, the defendant moved for judgment on the pleadings in its favor. The denial of the motion is now alleged as error. Appellant argues that the plaintiff has made admissions in the reply which establish that plaintiff has no cause of action, and by construing all the pleadings together, the court should hold, as a matter of law, that judgment must be given for the defendant. To that single question we shall confine our discussion.

According to the statement of claim, the plaintiff was regularly elected as the Supreme Medical Director of the Slovene National Benefit Society, a fraternal organization incorporated in Illinois but registered in Pennsylvania as an insurance corporation, at its convention held in Pittsburgh in September, 1941, for a term of four years beginning on January 1, 1942, at a remuneration of $100 per month. Plaintiff took office

on January 1, 1942 and was paid until August 1, 1942. Though plaintiff has been ready and willing to perform his duties, the Society refused salary payments from August 1, 1942 up to and including April 30, 1943, amounting to $800, for which the suit was brought.

The affidavit of defense asserts that the Society is doing business in Pennsylvania, not as a registered insurance company, but as a fraternal benefit association subject to the laws of Illinois; that a by-law was adopted at the convention, at which plaintiff was elected Chief Medical Director, which declared any member of a Supreme Board of another fraternal society ineligible to hold office as a member of the defendant's supreme board; that the plaintiff was not qualified to assume office on January 1, 1942, because he was then a member of the Supreme Board of the American Fraternal Union. When he insisted on keeping both posts, charges were duly preferred, heard, and decided against the plaintiff by the proper forum, and his employment terminated.

In addition, defendant averred under the heading of "New Matter" "a further and additional defense", which was in substance but an elaboration of paragraphs three and four in the affidavit of defense; that the convention, the governing body of the Society, had adopted in September, 1941, a constitution and by-laws, effective on January 1, 1942, which constituted the Supreme Medical Director a member of the Supreme Board, fixed January 1, 1942, as the beginning of the terms of all officers, and provided that "no supreme board member of this society shall be a supreme board member of any other fraternal society." Further paragraphs set forth plaintiff's membership on the Supreme Board of another fraternal organization, a demand and refusal to surrender one office, the defendant's by-laws governing trials, the charges filed, the course of the hearing, and the dismissal of the plaintiff.

Under the Practice Act of May 14, 1915, P. L. 483,

it was unnecessary for the plaintiff to plead beyond the statement of claim, and the failure to traverse the defendant's allegations of *new matter* was not deemed an admission of their contents. Since the Act of March 30, 1925, P. L. 84, amplified by the Act of April 22, 1929, P. L. 627, the plaintiff must either deny in a replication the statements of the new matter or have them considered as admitted. In providing for the setting forth of new matter, the legislature took pains to define its scope as "any averments which are not contained in the statement of claim and do not merely deny averments thereof." If a specific answer rather than a general denial is necessary for each allegation which is not admitted, facts to be properly pleadable as new matter must differ from the data which must be alleged as traverse to the statement of claim. "Payment, release, novation are all proper examples of 'new matter,' and without attempting to define it, it may be said to include any legal defense, of substance, to the action, other than a traverse, set off or counterclaim." *Security T. & T. Co. v. Welsh & Brown,* 104 Pa. Superior Ct. 502, 159 A. 227. A survey of the averments in the defendant's pleading of new matter will reveal only a detailed, fact-filled repetition of the denials made in the body of the affidavit of defense. They are not something different and extrinsic from purely defensive matter. At best, they are but further explanatory matter.

Plaintiff might have moved within fifteen days to strike off the new matter for failing to conform with the Practice Act: *Moore v. Prudential Ins. Co. of America,* 342 Pa. 570, 21 A. (2d) 42. He might have refused to plead further: *First Natl. Bank v. Carroll Twp.,* 140 Pa. Superior Ct. 70, 13 A. (2d) 121; *Morgan v. Debon,* 337 Pa. 452, 12 A. (2d) 5. Instead he filed a replication admitting membership on the Supreme Board of the American Fraternal Union; the nature of the charges filed against him; and the existence of the by-laws averred in the new matter. He contended, how-

68

ever, that the by-laws are irrelevant to the issue because they were adopted after his election, while the hearing, being unfair, dishonest, and partial, and conducted without authority, is void. Should the admissions be considered as part of the pleadings?

If an affidavit of defense be filed in a case where not required by law, the plaintiff cannot obtain judgment on the ground of its insufficiency, *Corry v. Pennsylvania R. R. Co.*, 194 Pa. 516, 45 A. 341; or, in such a case, the averments of the statement of claim cannot be considered as admitted even though not denied in the affidavit of defense, *Cowan v. Nagel*, 89 Pa. Superior Ct. 122; *Morgan v. Debon*, supra. But the implications of a failure to traverse are not identical with a clearly stated admission. The Practice Act, which declares in section six that every allegation of fact shall be taken as admitted unless specifically denied, also prescribed the categories of valid pleadings for which denials are necessary. Averments contravening the express prohibition of the statute itself need not be traversed because they are outside the scope of the Act: *Casaccio v. Marrone*, 92 Pa. Superior Ct. 467, 470. On the other hand, paragraphs which admit facts narrow the point in dispute, not through a statutory mandate, but as a result of a voluntary waiver of certain issues by the party pleading. That these admissions were made under the mistaken belief that a further pleading is essential cannot detract from their truthfulness. In the interest of time, efficiency, and justice, pleadings in which issues are clearly admitted should not be treated as "mere surplusage", even though they are technically unnecessary. Since the limited period of fifteen days for striking off the new matter has passed, without the possibility of being extended, *Riling v. Idell*, 291 Pa. 472, 140 A. 270; *Loveland v. Schultz*, 108 Pa. Superior Ct. 358, 165 A. 67, the new matter remains part of the pleadings, and should be considered together with the replication.

However, allowing full consideration of all the pleadings, we are still left in the dark as to whether, prior or subsequent to plaintiff's election, the constitution and by-laws were adopted, and the further question of the conduct of the Supreme Board in its trial of the charges preferred against plaintiff.

Appellant does not challenge the eligibility of the plaintiff to hold the office of Medical Director at the time of his election in September, 1941. It disputes his qualification to *assume* office on January, 1942, an ineligibility which is said to have persisted at the time of his dismissal. Plaintiff nowhere admits that at the date of his dismissal he was still serving on two Supreme Boards. The defendant's by-laws neither prescribe a penalty nor declare a forfeiture for belonging to the Supreme Board of another fraternal society. Consequently, when plaintiff entered on his duties as Medical Director he at least held a defeasible title to the office until removed, according to the then existing constitution and by-laws of the defendant.

Plaintiff challenges the validity of his removal by maintaining that "the hearing before the Supreme Board was unfair, dishonest, and partial," and conducted without authority. Even assuming the finality of a decision by the judicial organs of the association, the proceedings must "have been regular, fair and free from fraud." *Bogadek v. Butkovic*, 336 Pa. 284, 286, 9 A. (2d) 388; *Lytle v. New Castle Agr. Ass'n.*, 91 Pa. Superior Ct. 152. A crucial link in the defense is controverted by the plaintiff and the issue must be decided by the jury. Summary judgment will be entered only if the case is "clear and free from doubt." *Pyles v. Bosler*, 308 Pa. 297, 162 A. 286; *Colonial Securities Co. v. Levy*, 302 Pa. 329, 153 A. 553. This case falls well within the rule that "Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy." *Helfenstein v. Line Mountain Coal Co.*, 284 Pa. 78, 81, 130

A. 301; *Peabody v. Carr*, 316 Pa. 413, 175 A. 378. We will then perhaps know with some exactness when the new by-laws were adopted, their scope in relation to previously existing by-laws, the conditions under which plaintiff was elected, and the manner in which plaintiff was removed from office. Other potential questions which are suggested by appellant's argument may then disappear.

Order affirmed.