**Dolores PRELICK, Administratrix of the Estate of Joseph A. Prelick, Deceased, and Dolores Prelick, in her own right, Plaintiffs,**

v.

**JOHNS–MANVILLE CORPORATION, a corporation, et al., Defendants.**

Civ. A. No. 80–1690.*

United States District Court, W. D. Pennsylvania.

Jan. 27, 1982.

* And Related Cases: Civ. A. Nos. 80–1732 to 80–1735 CMS, 80–1754 CMS, 81–82 CMS, 81–

## OPINION

DIAMOND, District Judge.

Presently before the court in each of the above cases is a motion of the defendant The Celotex Corporation (Celotex) to dismiss the plaintiff's complaint or in the alternative to strike paragraph Twenty-Third thereof and for a more definite statement. For the reasons set forth below, the motions

to strike will be granted and the motions to dismiss and for a more definite statement will be denied.

In each of these diversity actions the plaintiff seeks to recover damages from the manufacturers or suppliers of certain asbestos products for injury or death allegedly suffered by the plaintiff or plaintiff's decedent (hereafter, plaintiff) from the inhalation of asbestos fibers. Plaintiff alleges in paragraph Twenty-Third of each of the complaints that "The named defendants represent substantially all of the thermal insulation industry involved [in supplying] asbestos-containing products to which the plaintiff was exposed during the relevant time period. [But that] [c]ertain exposures of plaintiff to various asbestos-containing products of the named defendants [could not] be identified...." [1]

Plaintiff then alleges that "[o]f these unidentified exposures, all named defendants are liable to the plaintiff in proportion to its [sic] market share position in the thermal insulation industry with reference to asbestos-containing products. All named defendants are therefore liable to plaintiff in such proportion under the theory of 'enterprise liability' or 'industry-wide' liability set forth in *Sindell v. Abbott Laboratories, et al.*, 26 Cal.3d 588, 163 Cal.Rptr. 132, 607 P.2d 924 (1980), *cert. denied* 449 U.S. 912, 101 S.Ct. 286, 66 L.Ed.2d 140 (1980)."

The motion to strike paragraph Twenty-Third is based on the ground that the so-called "Sindell" or "enterprise" theory of liability set forth in that paragraph has not been adopted in Pennsylvania. We need

---

182 CMS, 81–211 CMS, 81–424 CMS, 81–580 CMS, 81–756 CMS, 81–1174 CMS, 81–1292 CMS, 81–1614 CMS, 81–1704 CMS and 81–1720 CMS.

1. Paragraph Twenty-Third, which is virtually identical in all of the complaints, provides in its entirety as follows:

TWENTY–THIRD: The named defendants represent substantially all of the thermal insulation industry involved in the mining and/or milling and/or manufacturing and/or fabricating and/or supplying and/or selling asbestos-containing products to which the plaintiff was exposed during the relevant time period. Certain exposures of plaintiff to

various asbestos-containing products of the named defendants cannot be identified. Of these unidentifiable exposures, all named defendants are liable to the plaintiff in proportion to its market share position in the thermal insulation industry with reference to asbestos-containing products. All named defendants are therefore liable to plaintiff in such proportion under the theory of "enterprise liability" or "industry-wide" liability set forth in *Sindell v. Abbott Laboratories, et al.*, 48 LW 2659 (Cal. March 20, 1980) [26 Cal.3d 588, 163 Cal.Rptr. 132, 607 P.2d 924], cert. denied 49 U.S.L.W. 3270 (October 14, 1980) [449 U.S. 912, 101 S.Ct. 286, 66 L.Ed.2d 140].

not proceed with the analysis necessary to predict whether or not the Pennsylvania Supreme Court will adopt "Sindell", *See McKenna v. Ortho Pharmaceutical Corporation*, 622 F.2d 657 (3rd Cir.), *cert. denied*, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 239 (1980), since the plaintiff in each of the cases *sub judice* purports to identify and name as defendants at least eleven manufacturers or suppliers of asbestos products and alleges that these defendants are "substantially all" of those who supplied the asbestos-containing products to which plaintiff was exposed. In our opinion, this allegation negates any possible application of a *Sindell* type theory of liability to these cases.

The *Sindell* court recognized the basic tenet of tort liability that a plaintiff must prove that his injuries were caused by an act or instrumentality of an identified defendant, *Sindell, supra, See e.g., Bilk v. Abbotts Dairies, Inc.*, 147 Pa.Super. 39, 23 A.2d 342 (1941); *See generally*, Annot., 51 ALR3d 1344 (1973), and concluded that it was *only* where the plaintiff was unable to identify *any* defendant who manufactured the specific product which caused plaintiff's injury that a limited departure from the traditional doctrines of tort liability which would shift the burden to "industry" defendants to prove which of them caused the injury or in the alternative to share liability on a "market-share" basis, would be justified. *Sindell, supra; Gorniak v. Combustion Engineering, Inc.*, No. 78–456 (N.D.Oh. July 6, 1981); *Hall v. E. I. du Pont de Nemours*, 345 F.Supp. 353 (E.D.N.Y.1972); *Summers v. Tice*, 33 Cal.2d 80, 199 P.2d 1 (1948); Cf. *Snoparsky v. Baer*, 439 Pa. 140, 266 A.2d 707 (1970).

We conclude, therefore, that where, as here, the plaintiff is able to identify at least one manufacturer or supplier whose product caused plaintiff's injury, the "Sindell" or "enterprise" theory is inapplicable. Accordingly, we need not predict whether or not the Pennsylvania Supreme Court would adopt such a liability theory, and we refrain from so doing.

The motions to dismiss for failure to state a cause of action and for a more definite statement to enable Celotex to file a responsive pleading will be denied. These motions are alternative to the motion to strike paragraph Twenty-Third and in addition are without merit since paragraph Nineteenth clearly alleges a cause of action against each of the defendants and the complaint otherwise sets forth a "short and plain statement [of plaintiff's] claim." Rule 8(a)(2), F.R.C.P.