## Lord v. Parke, Davis & Company

*Michael P. Creedon,* for Rexall Drug Company.
*David L. Grove,* for William H. Rorer, Inc.
*Jay J. Lambert,* for Parke, Davis Company.
*John T. O'Brien III,* for Merck & Company.

*Beatrice O'Donnell,* for Rowell Laboratories, Inc.
*Andrew Elash,* for plaintiff, Lord.

GREENBERG, *J.,* January 11, 1984—Before us
are motions for summary judgment filed by defend-
ants, Merck & Co., William H. Rorer, Inc., Rexall
Drug Company, Parke-Davis & Co. and Rowell Lab-
oratories, Inc. We granted their respective motions
by our orders of July 21, 1983, August 18, 1983 and
September 16, 1983. To clarify our position with re-
spect to the issues raised in the motions before us,
we now issue this memorandum opinion.

## BACKGROUND

Defendants, Merck & Co., William H. Rorer, Inc.,
Rexall Drug Company, Parke-Davis & Co. and
Rowell Laboratories, Inc., each filed motions for
summary judgment alleging in substance that they
had not manufactured or distributed DES during
the time period or in the market area relevant to
plaintiffs' cause of action and were therefore enti-
tled to judgment in their favor as a matter or law.
Factual evidence submitted by each of defendants
clearly supported his allegations. Plaintiffs' re-
sponse to each of defendants' motions presented no
factual evidence to contradict defendants' conten-
tions. Instead, plaintiffs argued that defendants
were liable under various theories of vicarious liabil-
ity which have been widely propounded in the
course of nationwide DES litigation — alternative li-
ability, enterprise liability and concert of action. We
rejected plaintiffs' theories as applied to the instant
motions and, in light of the demonstrated absence
of a genuine issue of fact as to liability, we granted
defendants' respective motions.

## DISCUSSION

Traditional theories of product liability tort law require liability to be proven by identification of the manufacturer of the product which caused plaintiff's injury. Other theories of liability have developed, however, to meet the needs of a complex society where, through no fault of their own, plaintiffs cannot identify the manufacturer of a particular product which caused injury to them. Loch v. Confair, 372 Pa., 212, 93 A.2d 451 (1953), Restatement (Second) Torts, §433 B. Rather than forcing plaintiffs to bear the cost of their injuries, theories of vicarious liability shift the burden to potential defendants to prove that they have not caused the plaintiff's injuries. Erlich v. Abbott Laboratories, 5 Phila. Co. 249 (1981); Sindell v. Abbott Laboratories, 163 Cal. Rptr. 132, 607 P. 2d 924 (1980).

Application of these non-traditional theories of liability is proper only where the manufacturer of the particular products that caused plaintiff's injury cannot be specifically identified. Erlich, supra.; Sindell, supra. Where a causal connection can be established from the plaintiff's injury to a specifically identified manufacturer, there is no need to extend the traditional boundaries of tort theory. Hall v. E.I. Dupont De Nemours, Inc., 345 F.Supp. 352 (E.D., NY 164 1972); Lyon v. Premo Pharmaceutical Labs, Inc., 170 NJ Super. 18, 406 A.2d 185 (1979); Prelick v. Johns Manville Corp., 531 F.Supp. 96 (W.D., Pa. 1982).

The non-traditional theories of liability do not create an irrebuttable presumption that the several named tortfeasors are liable. They merely serve to shift the burden of proof to defendant. Erlich, supra.; Snoparsky v. Baer, 439 Pa. 140, 266 A.2d

207 (1970). Once a defendant has proven that it cannot be a tortfeasor responsible for plaintiff's injury, it is no longer liable to plaintiff. The above-named defendants in the instant matter met the burden of proof placed upon them and we, therefore, granted judgment in their favor.

Plaintiffs have also raised the concert of action theory of liability as set forth in Restatement (Second) Torts, §876. We do not now rule on the applicability of that theory to the instant cause of action. We merely assert once again that where defendants have factually demonstrated that they are not tortfeasors with respect to plaintiffs, as these defendants have, they are not and cannot be liable to plaintiffs under any theory of tort liability.

## ORDER

And now, this September 16, 1983, it appearing that the Affidavit of John R. Krouss, Esq. conclusively establishes that Rowell Laboratories, Inc. never manufactured, sold or distributed DES in the Commonwealth of Massachusetts, the motion for summary judgment of said defendant is granted.

## ORDER

And now, this January 11, 1984, it appearing that the affidavits of James H. Weir, M.D. and Robert Buchanan, M.D., conclusively establish that Parke, Davis & Company never manufactured, sold or tested DES in the United States, the motion for summary judgment of defendant, Parke, Davis & Company, is granted for the reasons stated in our order and memorandum opinion issued in Pierce v. Eli Lilly and Company, Court of Common Pleas, February Term, 1980, no. 4838, attached hereto.